

**Christopher Tourek**
Associate

April 8, 2022

Hon. Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

      Re:    *Gong v. Neptune Wellness Solutions Inc., et al.*, No. 2:21-cv-01386-ENC-ARL

Dear Judge Vitaliano,

We write on behalf of Lead Plaintiff Kenneth Rickert ("Plaintiff") to respond to Defendants' request for a pre-motion conference in anticipation of a motion to dismiss ("Ds' Ltr."), ECF No. 45. Plaintiff's Complaint (cited "¶_"), ECF No. 41, pleads facts that allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged, and thereby would survive any motion to dismiss. *See Yannes v. SCWorx Corp.*, No. 20-CV-03349 (JGK), 2021 WL 2555437, at *3 (S.D.N.Y. June 21, 2021). Specifically, the Complaint sufficiently pleads falsity, scienter, and loss causation:

**Falsity** – To successfully plead falsity, a plaintiff is required only to identify "each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *In re Symbol Techs., Inc. Sec. Litig.*, No. 05-CV-3923 DRH AKT, 2013 WL 6330665, at *7 (E.D.N.Y. Dec. 5, 2013). The Complaint does just that by identifying each statement that was either misleading or omitted material facts, who made the statement, the reasons why the statement was misleading, and the particular facts on which Plaintiff's belief is formed. Specifically, the Complaint identifies numerous statements by Defendants that misstated the capabilities of SugarLeaf and omit material facts and risks, including the fact that SugarLeaf did not possess the production capacity and facilities to allow Neptune to "participate in both B2B and B2C, CBD and hemp markets in the United States" (¶¶37-38), misstated the capabilities of Neptune's hand sanitizer business and omit material facts and risks, including its use of imported hand sanitizer from Mexico (¶¶88-91), and misstated Neptune's ability to complete their highly touted $100 million in purchase orders of PPE equipment and omit material facts and risks, including the fact that at the time of its announcement, Neptune lacked the capacity to manufacture PPE equipment and had failed to secure any external supply sufficient to fulfill the orders (¶¶109-112). For example, on April 23, 2020, Neptune falsely stated that it was "successfully accelerating production of hand sanitizers to over one million units weekly," (¶74) when multiple Confidential Witnesses ("CW") confirm that it had not produced any hand sanitizer by that point. ¶¶75-79; *see In re Aphria, Inc. Sec. Litig.*, No. 18 CIV. 11376 (GBD), 2020 WL 5819548, at *8 (S.D.N.Y. Sep. 30, 2020) (finding statement that a subsidiary was "fully operational" actionable because the subsidiary was abandoned when the statement was made).

**ctourek@pomlaw.com**

10 South LaSalle Street, Suite 3505, Chicago, IL 60603  Main: 312.377.1181  Direct: 312.377.2839
NEW YORK • CHICAGO • LOS ANGELES • PARIS • TEL AVIV
**www.pomlaw.com**

Similarly, on November 16, 2020, Neptune misrepresented the state of affairs at SugarLeaf when it claimed that "[w]ith restructuring activities and costs largely behind us, we are now poised for expansion and profitability [at SugarLeaf]," when, in reality, SugarLeaf was winding down and had laid off most of its employees. ¶¶102-03; *In re Vale S.A. Sec. Litig.*, No. 19CV526RJDSJB, 2020 WL 2610979, at *12–13 (E.D.N.Y. May 20, 2020) (sustaining falsity allegations when the defendants took actions that conflicted with their public representations). Contrary to Defendants' mischaracterizations, Plaintiff's theory of the case does not depend on guarantees of production at SugarLeaf or whether the business strategy was doomed to fail. Ds' Ltr. at 2-3. These imagined allegations do not exist in the Complaint.

**Scienter** – While motive is not required to plead scienter, *see City of Pontiac Gen. Employees' Ret. Sys. v. Lockheed Martin Corp.*, 875 F. Supp. 2d 359, 370–71 (S.D.N.Y. 2012), the Complaint pleads that Neptune was heavily dependent on raising capital to cover operating losses. ¶¶125-36. Courts in the District have sustained motive allegations under similar circumstances. *See Shanawaz v. Intellipharmaceutics Int'l Inc.*, 348 F. Supp. 3d 313, 326 (S.D.N.Y. 2018) (ruling that the need for capital to cover operating losses was a sufficient motive to commit fraud). Plaintiff also pleads a strong inference of recklessness. Defendants knew that SugarLeaf stopped extraction activities, fired most of its workforce, and were in the process of winding down when they made conflicting, positive statements. ¶¶39-70, 96-103. The Complaint relies on numerous CWs in a position to know what occurred at SugarLeaf, and these CWs confirm that Defendants knew or recklessly disregarded the misleading nature of their public statements. ¶¶40, 44, 46, 51-52, 59, 77; *Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000) (holding that confidential sources can be relied upon as long as they are "described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged"). In particular, CW4 participated in a conference call in which Defendant Cammarata steered business away from SugarLeaf and made inconsistent statements with his public misrepresentations. ¶¶144-47. Scienter is enhanced by a strong core operations inference (¶141); Defendants' own pronouncements of knowledge (¶¶137-40); the Individual Defendants' roles as senior executives (¶142); Defendants' Sarbanes-Oxley certifications (¶143); the sharp divergence between the Class Period reassurances and later revelations (¶¶148-53); and Defendant Landry's suspicious resignation (¶154). These facts are more than sufficient to plead scienter, and Defendants fail to offer a more compelling inference of innocence to prevail on a motion to dismiss. *City of Pontiac Gen. Employees' Ret. Sys.*, 875 F. Supp. 2d at 372 (emphasizing that even a tie of inferences breaks in favor of the plaintiffs at the pleading stage).[12]

**Loss Causation** – To plead loss causation, a plaintiff need only "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). Only Rule 8's minimal pleading standard applies to this element. *In re Henry Schein, Inc. Sec. Litig.*, No. 18-CV-01428 (MKB), 2019 WL 8638851, at *25

---

[1] Defendants assert that scienter does not exist because there was no "clear duty to disclose," (Ds' Ltr. at 1) but Defendants routinely discussed SugarLeaf, the hand sanitizer business, and the $100 million purchase orders during the Class Period, and "once a company speaks on an issue or topic, there is a duty to tell the whole truth." *See Meyer v. Jinkosolar Holdings Co.*, 761 F.3d 245, 250–51 (2d Cir. 2014).

[2] Defendants' reliance on *Sanders v. AVEO Pharm., Inc.*, 2015 WL 1276824 (D. Mass. Mar. 20, 2015) is misplaced, as the decision was later vacated and the court subsequently sustained a strong inference of scienter. *See Sanders v. AVEO Pharm., Inc.*, No. 13-11157-DJC, Dkt. No. 110 (D. Mass. Jan. 3, 2017).

(E.D.N.Y. Sept. 27, 2019). Here, Plaintiff does just that by relying on corrective disclosures in February and June 2021 concerning the failures of SugarLeaf and the hand sanitizer business, as well as the materialization of concealed risks to Neptune's purchase orders, which caused a significant decline in the price of the Company's stock. ¶¶114-24. This is sufficient to plead loss causation under Rule 8. In fact, Defendants concede that loss causation with respect to problems at SugarLeaf is sufficiently pled. Ds' Ltr. at 3. Defendants press the conclusory claim that the corrective disclosures did not relate to the hand sanitizer or "quality problems," but Plaintiff is not required to parse such information or disaggregate losses at the pleading stage. *See Cohen v. Kitov Pharms. Holdings, Ltd.*, No. 17 CIV. 0917 (LGS), 2018 WL 1406619, at *6 (S.D.N.Y. Mar. 20, 2018) ("[A] complaint can sufficiently plead loss causation without alleging facts that disaggregate losses or that rule out other causes.").

Defendants' letter raises several purported defenses, none of which are availing. Defendants claim that all material information was fully disclosed (Ds' Ltr. at 3), but even taking this as true—it is not—a defendant cannot point to alleged "disclosures" to avoid liability for misrepresentations or omissions of current fact. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 403 F.3d 1050, 1056-57 (9th Cir. 2005) (citing cases). Further, dismissal on the pleadings based on alleged disclosures requires a "stringent showing," and a defendant must present facts to show that no reasonable person would find the statement misleading in light of the alleged disclosures. *Id.* Defendants do not even attempt to meet this high standard. For the same reasons, the PSLRA's safe harbor is inapplicable because the Complaint pleads misrepresentations of current fact. Ds' Ltr. at 3; *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d at 246. Even assuming that any part of any statement is "forward looking," Defendants do not point to any meaningful cautionary language and the Complaint pleads a strong inference of scienter. *In re Vale S.A. Sec. Litig.*, 2020 WL 2610979, at *15–16; *see also Milman v. Box Hill Sys. Corp.,* 72 F.Supp.2d 220, 231 (S.D.N.Y.1999) ("[N]o degree of cautionary language will protect material misrepresentations or omissions where defendants knew their statements were false when made"). Finally, Defendants' conclusory claim that the Complaint's "allegations do not adequately tie scienter … to each individual Defendant" is belied by a cursory review of the Complaint, which outlines each Defendants' scienter. ¶¶125-54.[3]

Because Defendants' arguments are without merit, Plaintiff respectfully contends that any motion to dismiss would be futile, and the Court should let this Action proceed to discovery.

Respectfully,

*/s/ Christopher P.T. Tourek*

Christopher P.T. Tourek

*Counsel for Lead Plaintiff*

---

[3] Because Plaintiff adequately pleads his 10(b)(5) claims, his Section 20(a) claims against Individual Defendants also survive. Ds' Ltr. at 3; *In re Symbol Techs., Inc. Sec. Litig.*, 2013 WL 6330665, at *16.