## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, MARIO PARADIS, CLAUDIE LAUZON and TONI RINOW,<br><br>                                    Defendants. | **Case No. 2:21-cv-01386-ENV-ARL**<br><br>**CLASS ACTION**<br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

## STIPULATION OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of December 6, 2022 which is entered into by and among Lead Plaintiff Kenneth Rickert ("Lead Plaintiff" or "Plaintiff"), on behalf of himself and the Class; and Neptune Wellness Solutions, Inc. ("Neptune"), Michael Cammarata ("Cammarata"), Toni Rinow ("Rinow"), and Martin Landry ("Landry") (Cammarata, Rinow, and Landry collectively, the "Individual Defendants" and collectively with Neptune, "Defendants"; Defendants and Lead Plaintiff together, the "Parties"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Parties and is intended by the Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the Eastern District of New York (the "Court").

1

WHEREAS, the initial complaint in the above-captioned action (this "Action") was filed on March 16, 2021 (ECF No. 1) alleging violations of the Securities Exchange Act of 1934. On January 4, 2022, Mr. Rickert was appointed Lead Plaintiff (ECF No. 38);

WHEREAS, on February 16, 2022, after investigation, Lead Plaintiff filed an amended complaint (ECF No. 42) (the "Amended Complaint") against Neptune, Cammarata, Rinow, and Landry. On April 1, 2022, Defendants filed their letter to request a pre-motion conference, pursuant to Section III(A) of the Court's Individual Motion Practice and Rules (ECF No. 45). On April 8, 2022, Plaintiff filed his response in opposition (ECF No. 47). On April 12, 2022, the Court denied as moot Defendants' motion for a pre-motion conference and allowed the filing of their motion to dismiss;

WHEREAS, the Parties negotiated a briefing schedule, which the Court adopted, and briefed Defendants' motion to dismiss pursuant to that schedule, as modified. On August 5, 2022, Defendants filed pursuant to the Court's "bundling rule" their Motion to Dismiss (ECF No. 50), Plaintiff's Response in Opposition (ECF No. 51), Plaintiff's Notice of Supplemental Authority (ECF No. 52), and Defendants' Reply in Support of their Motion to Dismiss (ECF No. 53);

WHEREAS, on October 4, 2022, Plaintiff filed a Notice of Supplemental Authority with the Court (ECF No. 54);

WHEREAS, on October 11, 2022, the Parties mediated before an experienced mediator familiar with securities class actions, Jed Melnick;

WHEREAS, after a full day mediation session and multiple follow-up rounds of discussions and negotiations over the ensuing week with the mediator's assistance, the Parties reached an agreement to settle this Action for a cash payment of $1,500,000 and, at Neptune's election, either an additional cash payment of $2,500,000 or Neptune securities valued at

$2,750,000, and documented their agreement in a Memorandum of Understanding executed on October 20, 2022;

WHEREAS, the Memorandum of Understanding calls for the Settlement to be more fully documented in a Stipulation of Settlement;

WHEREAS, Plaintiff believes that the claims asserted in the Action have merit and that the evidence of the underlying events and transactions alleged in the Amended Complaint will support their claims. Additionally, Plaintiff's counsel have researched the applicable law with respect to the Class's claims and believe that they could refute any defenses raised by Defendants. Nonetheless, Plaintiff and his counsel recognize and acknowledge the expense and length of continued prosecution of the Action against Defendants through trial and any subsequent appeals. Plaintiff and his counsel also have taken into account the uncertain outcome and risks of any litigation, including risk of collecting upon a judgment, and believe that it is desirable that the settlement as set forth in this Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiff and his counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation; and

WHEREAS, Defendants have denied and continue to deny all allegations of wrongdoing or liability whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, but also recognize the expense, risks, and uncertainty inherent in any litigation, and desire to settle the claims against them so as to avoid the burden and expense of further litigation. Defendants therefore believe that it is desirable to secure releases to

the fullest extent permitted by law and fully and finally resolve the Action in the manner and upon the terms and conditions set forth in this Stipulation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiff (on behalf of himself and each of the Class Members, as defined herein) and Defendants (by and through their respective undersigned counsel) that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, and the Action shall be dismissed fully, finally and with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

## I.    Definitions

A.    "Action" means the putative consolidated class action captioned *Gong v. Neptune Wellness Solutions, Inc., et al.*, No. 2:21-cv-01386-ENV-ARL (E.D.N.Y.).

B.    "Authorized Claimant" means any Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

C.    "Award to Plaintiff" means a request for reimbursement to Plaintiff for his reasonable costs and expenses (including lost wages) directly related to Plaintiff's representation of the Class in the Action.

D.    "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

E.    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

F.      "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action, and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

G.      "Class" means all persons and entities that purchased or otherwise acquired Neptune securities on the NASDAQ or another U.S. trading venue between July 24, 2019, and July 15, 2021, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Class are (a) Neptune, Cammarata, Rinow, Landry, former and current officers and directors of Neptune, as well as the immediate family members, affiliates and legal representatives, heirs, successors, or assigns of any of the above, and any entity in which any of the above has or had a controlling interest, and (b) any members of the Class who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice and Preliminary Approval Order.

H.      "Class Counsel" means Pomerantz LLP.

I.      "Class Members" means all persons or entities who are members of the Class as defined in Section I(G) and who have not validly Opted Out of the Class.

J.      "Defendants' Released Claims" means any and all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state,

common, or foreign law (including, but not limited to, the laws of the United States or the Dominion of Canada), whether class or individual in nature, that the Defendants asserted or could have asserted against Plaintiff or his attorneys in the Action or any other forum, which (i) were asserted in any Complaint filed in the Action, or (ii) could have been asserted or could in the future be asserted in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters, or occurrences, representations, or omissions involved, set forth, or referred to in any complaint filed in the Action and that relate in any way, directly or indirectly, to the purchase, holding, or sale of Neptune shares during the Class Period.  Defendants' Released Claims do not include claims to enforce this Stipulation.

K.     "Effective Date" means the date that is five (5) Business Days after the date on which all of the conditions to the Settlement, set forth in Section X(A), are satisfied.

L.     "Election Period" shall mean the period between January 25, 2023 and February 1, 2023, wherein Neptune may at its sole discretion elect to substitute the Additional Cash Compensation described in Section II(A) below with Additional Securities Compensation by providing written notice to Class Counsel.

M.     "Escrow Account" means an interest-bearing account maintained by the Escrow Agent (as defined below).

N.     "Escrow Agent" means The Huntington Bank.

O.     "Final" when referring to the Final Approval Order means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Approval Order is upheld on appeal or review in all material respects, and is not subject to further review on

appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in Section X(B) hereof, or shall affect or delay the date on which the Final Approval Order becomes Final.

      P.     "Final Approval Order" means the order materially in the form attached hereto as Exhibit B if Neptune elects to fulfill the Additional Compensation terms of Section II(A) with Additional Cash Compensation, as defined in that Section, and means the order to be proposed to the Court after February 1, 2023, if Neptune elects to fulfill the Additional Compensation terms of Section II(A) herein with Securities Compensation, as defined in that Section, which shall contain the provisions described in Section II(B) and (C) below.

      Q.     "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," substantially in the form attached hereto as Exhibit A-1.

      R.     "Opt Out" or "Opted Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

      S.     "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

T.    "Plaintiff's Released Claims" means any and all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common, or foreign law (including, but not limited to, the laws of the United States or the Dominion of Canada), whether class or individual in nature, that the Plaintiff or any Settlement Class Member asserted or could have asserted against any Person (including, but not limited to, the Released Parties) in the Action or any other forum, which (i) were asserted in any Complaint filed in the Action, or (ii) could have been asserted or could in the future be asserted in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters, or occurrences, representations, or omissions involved, set forth, or referred to in any complaint filed in the Action and that relate in any way, directly or indirectly, to the purchase, holding, or sale of Neptune shares during the Class Period.  Plaintiff's Released Claims do not include claims to enforce this Stipulation.

U.    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Settlement Administration Costs, taxes and tax expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court.  Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

V.    "Postcard Notice" means the abridged notice to be mailed to all Class Members that can be readily identified, but for whom an email address is unknown, directing Class Members to the full Notice and providing information about the Settlement Hearing, substantially in the form attached hereto as Exhibit A-2.

W.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

X.    "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-4.

Y.    "Released Claims" means Plaintiff's Released Claims and Defendants' Released Claims, including Unknown Claims.

Z.    "Released Parties" means Cammarata and each of his immediate family members, heirs, executors and administrators; Rinow and each of her immediate family members, heirs, executors and administrators; Landry and each of his immediate family members, heirs, executors and administrators; Neptune; Neptune's past, present and future employees, officers, directors, partners, parent entities, affiliates, subsidiaries, divisions and principals; each and all of Neptune, Cammarata, Rinow, and Landry's respective past, present and future accountants, attorneys, receivers, assigns, successors, predecessors, subrogees, trustees, beneficiaries, servants, representatives, agents, associates, advisors, consultants, insurers, reinsurers and all other Persons in privity with any of them; and any other Person or entity which is or was related to or affiliated with Neptune, Cammarata, Rinow, and/or Landry, or in which they have or had a controlling interest; and Lead Plaintiff and his attorneys.

AA.    "Settlement" means the settlement contemplated by this Stipulation.

BB.    "Settlement Administration Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement.  Such costs may include, without limitation: the costs of publishing the Summary Notice, the costs of printing and mailing the Postcard Notice and Proof of Claim, as

directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in Section III(A)) to the Authorized Claimants. Such costs do not include legal fees.

CC.    "Settlement Administrator" means A.B. Data, the independent settlement administrator selected by Class Counsel and approved by the Court, who shall supervise and administer the notice procedure as well as the processing of claims as set forth more fully below.

DD.    "Settlement Amount" means the sum of $1,500,000 (One Million Five-Hundred Thousand U.S. Dollars) plus, at Neptune's election, either securities valued at $2,750,000 (Two Million Seven-Hundred and Fifty Thousand U.S. Dollars) or an additional cash payment of $2,500,000 (Two Million Five-Hundred Thousand U.S. Dollars). The Settlement Amount includes all Settlement Administration Costs, Class Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Lead Plaintiff (as allowed by the Court), Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

EE.    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

FF.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

GG.    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-3.

HH.    "Unknown Claims" means and includes any and all claims that Plaintiff (with respect to Plaintiff's Released Claims) or Neptune, Cammarata, Rinow, or Landry (with respect to Defendants' Released Claims) do not know or suspect to exist at the time of the release. This

includes claims which, if known, might have affected the Settlement and Plaintiff's Released Claims and Defendants' Released Claims, including the decision to object or not to object to this Settlement. The Parties expressly acknowledge and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Plaintiff, Class Members, Neptune, Cammarata, Rinow, or Landry may hereafter discover facts, legal theories, or authorities in addition to or different from those known or believed to be true with respect to the subject matter of Plaintiff's Released Claims or Defendants' Released Claims, but they expressly, fully, finally, and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and each releasing party and Released Party by operation of the law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

## II.    Settlement Consideration

A.    In consideration of the full and final release, settlement and discharge of all Plaintiff's Released Claims, Neptune shall: (i) within the later of seven (7) calendar days after preliminary approval or December 1, 2022, transfer by wire $500,000 to the Escrow Account; (ii) within thirty (30) calendar days thereafter transfer by wire $500,000 to the Escrow Account; (iii)

at least seven (7) calendar days before Plaintiff's final approval motion is due, transfer by wire $500,000 to the Escrow Account (together with the payments in subparts (i) and (ii), the "Initial Cash Compensation"); and (iv) at Neptune's election, provide Additional Compensation by transferring at least seven (7) calendar days before Plaintiff's final approval motion is due (and in no event earlier than February 1, 2023) $2,500,000 in cash to the Escrow Account ("Additional Cash Compensation"); or, if Neptune elects in its sole discretion in the Election Period to substitute the form of Additional Compensation, by transferring thirty-one days after the Final Approval Order is entered (or if such date falls on a weekend or holiday, the next business day thereafter) (and in no event earlier than February 1, 2023) $2,750,000 worth of Neptune common shares ("Securities Compensation"). Neptune may only make this election during the Election Period, and shall have sole and exclusive discretion to decide whether to issue the Additional Compensation in the form of Additional Cash Compensation or Securities Compensation. No payment in this paragraph shall become due until Plaintiff's counsel has provided Neptune's counsel with wire instructions and a Form W-9.

B.      If Neptune elects to satisfy the Additional Compensation obligation with Securities Compensation, the Securities Compensation shall be priced at the close of the business day preceding the transfer at the "Minimum Price" (as defined in NASDAQ Rule 5635(d)(1)). The Securities Compensation will be issued in reliance on the exemption from registration provided by Section 3(a)(10) of the Securities Act of 1933, as amended (the "Securities Act"). If Neptune elects to satisfy the Additional Compensation obligation with Securities Compensation, the Parties will jointly request after February 1, 2023 that the Court issue findings necessary to ensure the availability of the exemption from registration under the Securities Act provided by Section 3(a)(10) thereof for the issuance of the shares comprising the Securities Compensation, which shall

12

be included as part of the proposed final judgment to be submitted to the Court (or as part of a

separate order incorporated into the final judgment). In the event of resale of the shares comprising

the Securities Compensation and in order to preserve orderly markets, Plaintiff will not sell or

cause to be sold, in any given trading day, more than 1/5 of the total number of shares issued as

Securities Compensation. The Parties will comply with all applicable securities laws with respect

to their handling and disposition of the Securities Compensation.

      C.      Plaintiff, on behalf of the Class, acknowledges that any securities issued as

Securities Compensation will not have been qualified by a prospectus under applicable Canadian

securities laws and that the issuance of the securities will be made on a basis which is exempt from

the prospectus requirements of Canadian securities laws. Accordingly, any securities received will

be subject to resale restrictions under Canadian securities laws, to the extent that such laws may be

applicable. The securities will not bear a Canadian restrictive legend and as such will not be eligible

for resale under the provisions of Canadian securities laws permitting resales of certain securities

after a four-month hold period, and as a result, will be subject to an indefinite hold period under

Canadian securities laws. The securities may not be, directly or indirectly, offered or sold in

Canada, or by or to persons located in Canada or residents of Canada, except in compliance with

an exemption from Canadian prospectus requirements. Holders in Canada of such securities or

persons contemplating trading such securities in Canada or to persons located or resident in Canada

should consult their own legal advisors prior to making any resale of the securities.

      D.      Under no circumstances will Defendants be required to pay, or cause payment of,

more than the Settlement Amount pursuant to this Stipulation and the Settlement, including,

without limitation, as compensation to any Class Member, as payment of attorneys' fees and

expenses awarded by the Court, in payment of any fees or expenses incurred by any Class Member

or Class Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

## III.    The Escrow Account

A.    The Escrow Account, including any interest earned thereon net of any taxes on the income thereof, shall be used to pay: (i) Class Counsel's attorneys' fees and expenses; (ii) taxes and tax expenses; (iii) Settlement Administration Costs, and (iv) Award to Plaintiff.  The balance of the Escrow Account shall be the Net Settlement Fund and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation.  Plaintiff and Class Members shall look solely to the Net Settlement Fund for payment and satisfaction of any and all Released Claims.

B.    All funds and instruments held by the Escrow Agent shall be deemed *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further orders of the Court.  Class Counsel may cause any Securities Consideration to be sold consistent with Section II(B) above, and the proceeds delivered to the Escrow Account.

C.    The Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

D.      Prior to the Effective Date, the Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of counsel for Defendants and Plaintiff.

E.      After the Effective Date, Defendants shall have no interest in the Settlement Fund or in the Net Settlement Fund.

F.      The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court.

**IV.    The Notice and Administration**

A.      The Escrow Agent may transfer up to $250,000 from the Settlement Fund to pay Settlement Administration Costs, as authorized by Class Counsel, without further approval.  No further amounts may be transferred prior to final approval of the Settlement, except by Court order.

B.       Plaintiff, Class Counsel, Defendants, and Defendants' counsel shall not bear any liability for Settlement Administration Costs.

C.      Defendants' counsel shall take any and all reasonable and necessary steps to obtain the transfer records for the Class Period from Neptune or its agents and provide same to Class Counsel within seven (7) Business Days after preliminary approval of the Settlement.

**V.     Preliminary Approval Order**

A.      The Parties shall submit this Stipulation together with its exhibits to the Court, and Plaintiff shall apply for entry of a Preliminary Approval Order substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement as set forth in the Stipulation, preliminary certification of the Class for settlement purposes only, and approval of forms of full notice to be provided on the Settlement website, a link to which shall be emailed to all potential Class Members whose email information can be identified with reasonable

effort (the "Notice"), the postcard notice to be mailed to all potential Class Members whose email information is unknown but otherwise can be identified with reasonable effort ("Postcard Notice"), and the notice to be published (the "Summary Notice"), substantially in the forms and contents of Exhibits A-1, A-2 and A-3 hereto, respectively.  The Notice shall include a Proof of Claim, substantially in the form of Exhibit A-4 attached hereto (the "Proof of Claim and Release"), the general terms of the Settlement set forth in the Stipulation, and shall set forth the procedure by which Persons who otherwise would be members of the Class may request to be excluded from the Class.

B.    The Parties shall request that, after the Notice has been posted (and links thereto emailed), the Postcard Notice has been mailed, and the Summary Notice has been published, in accordance with this Stipulation, the Court hold the Settlement Hearing and finally approve the settlement of the Action with respect to the Parties.

## VI.    Final Approval of the Settlement

A.    Plaintiff shall move consistent with the schedule to be set by the Court for final approval of the Settlement, including entry of the Final Approval Order, as defined herein.  At the Settlement Hearing, the Parties shall jointly request entry of the Final Approval Order.

B.    In the Final Approval Order, the Class shall be certified for purposes of this Settlement only, but in the event that the Final Approval Order does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including class certification.  For purposes of this settlement only, Defendants shall consent to (i) the appointment of Plaintiff as the class representative, (ii) the appointment of Pomerantz LLP as Class Counsel, and (iii) certification of the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

C.     The Final Approval Order shall include the following language: In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution, equitable indemnity, or any claims however designated that seek equivalent relief are hereby permanently barred and discharged if the claim or claims:

1.     Arise out of the Action or any Plaintiff's Released Claim; and

2.     Are filed by any Person against Defendants; except that Defendants expressly reserve the right to seek contribution, equitable indemnity, or any claim seeking equivalent relief against any Person whose liability has been extinguished by the Settlement.

## VII.   Attorneys' Fees and Expenses

A.     Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts and consultants, incurred in connection with prosecuting the Action plus any interest thereon, as may be awarded by the Court. The interest referenced in this paragraph shall mean interest earned at the same rate as any other portion of the Settlement Fund from the investment or deposit of such funds, and shall not mean prejudgment or post-judgment interest.  Class Counsel reserves the right to make additional applications for expenses incurred, if necessary.

B.     Immediately after the Court enters an order awarding Class Counsel fees and expenses ("Fee Award"), the amounts awarded by the Court shall be released from escrow and wired as directed by Class Counsel.  These payments shall be subject to Class Counsel's obligation to make appropriate refund or repayment within thirty (30) days of the date that any condition to

establishing the Effective Date has not occurred and shall not occur, or if the Court or any appellate court enters an order reversing or reducing any award of attorneys' fees or litigation expenses.

C.     The procedure for and allowance or disallowance by the Court of any application for Class Counsel attorneys' fees and expenses are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

D.     Except as provided in Section II, no Defendant shall have any responsibility for, or liability with respect to, any payment to Plaintiff, Class Members, Class Counsel or any other Plaintiff's counsel and/or any other Person who receives payment from the Settlement Fund, or with respect to the allocation of the Settlement Fund between Class Members or any decisions with respect to the payment or nonpayment of any claims submitted by any Class Members.

E.     Defendants shall not have any responsibility for, or liability with respect to, the allocation of a Fee Award that the Court may make in the Action among Class Counsel, any other Plaintiff's counsel, and/or any other Person who may assert some claim thereto.

F.     Class Counsel may apply to the Court to authorize the payment of an Award to Plaintiff for the time and expenses expended by Plaintiff in assisting Class Counsel in the litigation of this Action. Any Award to Plaintiff shall be payable after the Effective Date, and from the Settlement Fund only.

## VIII.  Administration of Net Settlement Fund

A.       Each Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim in the form attached hereto as Exhibit A-4, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Proof of Claim.

B.       All Proofs of Claim must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action with prejudice.

C.       The Settlement Administrator shall administer the Settlement subject to such approvals by the Court as circumstances may require.

D.       Each Proof of Claim shall be submitted to the Settlement Administrator who shall determine, in accordance with this Stipulation and the Plan of Allocation to be formulated by Class Counsel for approval by the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court.

E.       The Settlement Administrator shall administer and calculate the claims submitted by Class Members, determine the extent to which claims shall be allowed, and oversee the distribution of the Net Settlement Fund subject to appeal, and jurisdiction of, the Court.  Neither

Class Counsel, its designees or agents, Plaintiff, Defendants' counsel, nor Defendants shall have any liability arising out of such determination.

F.      Following the Effective Date and upon application to the Court by Class Counsel, the Net Settlement Fund shall be distributed to Authorized Claimants by the Settlement Administrator.   The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court, subject to and in accordance with Sections VIII(G)-(P).

G.      Any such Plan of Allocation is not a part of this Stipulation and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

H.      No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

I.      Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim and Release signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Class Member.

J.      Except as otherwise ordered by the Court, all Class Members who fail timely to submit a Proof of Claim and Release within such period as may be ordered by the Court or otherwise allowed shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

K.      All Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Notice (as defined in Section V(A), above) shall be subject to and bound by the provisions of this

Stipulation, the releases contained herein, and the Judgment with respect to all Plaintiff's Released

Claims, regardless of whether such Persons seek or obtain by any means, including, without

limitation, by submitting a Proof of Claim and Release or any similar document, any distribution

from the Settlement Fund or the Net Settlement Fund.

      L.      Defendants shall not have any responsibility for, interest in, or liability whatsoever

with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the

determination, administration, or calculation of claims, the distribution of the Net Settlement Fund,

or any losses incurred in connection with any such matters.

      M.      This is not a claims-made settlement.  There will be no reversions to Defendants.

      N.      Defendants shall have no involvement in the solicitation or review of Proofs of

Claim and Releases, or involvement in the administration process, which will be conducted by the

Settlement Administrator in accordance with this Stipulation.

      O.      Any change in the allocation of the Net Settlement Fund ordered by the Court shall

not affect the validity or finality of this Settlement.

      P.      No Person shall have any claim against Plaintiff or Class Counsel, the Settlement

Administrator, Defendants or Defendants' counsel based on investments or distributions made

substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of

Allocation or further orders of the Court.

**IX.**    **Tax Treatment**

      A.      The Parties, their counsel, the Court, and the Escrow Agent shall treat the Escrow

Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §

1.468B-1 for all periods on and after the date of the Court order preliminarily approving this

Stipulation.  The Parties, their counsel, the Court and the Escrow Agent agree to take no action

inconsistent with the treatment of the Escrow Account in such manner. In addition, the Settlement Administrator, Escrow Agent, and as necessary, Defendants, shall make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

      B.     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, e.g., (i) obtaining a taxpayer identification number, (ii) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (iii) timely and properly filing or causing to be filed on a timely basis, all federal, state, local and foreign tax returns and other tax-related statements necessary or advisable with respect to the Escrow Account (including, without limitation, all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)), and (iv) timely and properly paying any taxes imposed on the Escrow Account. Such returns and statements (as well as the election described in Section IX(A) hereof) shall be consistent with this Section IX(B) and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in Section IX(C) hereof.

22

C.      All (i) taxes arising with respect to the income earned by the Escrow Account and (ii) tax expenses shall be paid out of the Escrow Account.  Further, taxes and tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(1)(2)). All Parties and their tax attorneys and accountants shall to the extent reasonably necessary carry out the provisions of Sections IX(A)-(C).

D.      Defendants shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account. In the event this Stipulation is canceled or terminated and funds from the Settlement Fund are returned, Neptune shall be responsible for the payment of taxes (including any interest or penalties), if any, accrued but not yet paid from the returned funds.

**X.      Settlement Conditions and Termination**

A.      This Stipulation shall be subject to the following conditions and, except as provided herein, shall be canceled and terminated unless:

1.      Counsel for Plaintiff and Defendants have executed this Stipulation;

2.      The Court enters the Preliminary Approval Order, as provided in Section V;

3.      Neptune has timely and fully funded the Settlement Fund with the Settlement Amount;

4.      The Court has approved the Settlement as described herein following notice to the Settlement Class, and has entered the Final Approval Order, as provided in Section

VI;

5.    The time within which Defendants may exercise their option to terminate this Stipulation in accordance with the terms of the Supplemental Agreement shall have expired without the exercise of that option; and

6.    The Final Approval Order has become Final.

B.    Upon the Effective Date, Plaintiff and the Class Members, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of judgment to be entered pursuant to the terms of the Final Approval Order shall have, fully, finally, and forever, released, relinquished, settled and discharged the Plaintiff's Released Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Plaintiff's Released Claim against any Released Party, directly or indirectly, whether or not such members of the Settlement Class execute and deliver a Proof of Claim and Release to the Settlement Administrator.  Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of Defendants' Released Claims.

C.    If all of the conditions specified in Section X(A) are not met, then Plaintiff shall have the right to terminate this Settlement.

D.    If the Court declines to approve the Settlement, and such non-approval cannot be or is not cured without materially altering the terms in this Stipulation, either Plaintiff or Defendants shall have the right to terminate the Settlement.

E.    Any termination of this Settlement can be effected only by written notice (including e-mail) to all Parties via their Counsel.

F.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, then (1) the Settlement Fund and all interest earned on the Settlement Fund while held in escrow (less Settlement Administration Costs paid or incurred), less any amounts already accrued for notice and administration or necessary to fulfill further notice and administration obligations (including any required notice of termination or remaining tax filings), shall be refunded to Neptune as directed by Neptune's counsel within thirty (30) days of such cancellation or termination, (2) Plaintiff shall cause all of the Securities Consideration received, or if sold, the proceeds of such sale, to be returned to Neptune or such account designated by Defendants' counsel, and (3) the Parties shall retain all rights, claims, defenses, and arguments available to them prior to the execution of the Settlement Agreement.

G.      Upon the occurrence of all of the events specified in this Section X(A), the obligation of the Settlement Administrator and/or the Escrow Agent to return funds from the Settlement Fund to Neptune pursuant to this Section X(F), shall be absolutely and forever extinguished.

H.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, all of the Parties to this Stipulation shall be deemed to have reverted to their respective status as of the execution of this Stipulation, and the Parties shall meet and confer on an appropriate schedule to propose to the Court, and they shall proceed in all respects as of October 10, 2022, preserving in that event all of their respective claims and defenses in the Action. Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement: this Section X(H); Section X(C); Section X(D); Section X(F); Section XI;

Section XII; and, to the extent applicable, Section XIII.

I.      If there is a default in Settlement Consideration (in part or in whole) or any other breach of this Stipulation by Defendants, and Plaintiff does not elect to terminate this Settlement, Plaintiff shall look solely to Neptune for payment of any amounts due and owing under this Stipulation and Settlement, which shall be non-recourse as to the Individual Defendants.  The Individual Defendants shall have no liability under this Stipulation and Settlement with respect to any default in the Settlement Consideration.  Any remedy for default of the Settlement Consideration shall be limited to a monetary judgment against Neptune, or termination of the Settlement as set forth above, and not specific performance.  Plaintiff may not require or compel Neptune to issue any securities as a remedy for default.

J.      Notwithstanding any other provision, section, or paragraph in this Stipulation, Defendants may, in accordance with the terms set forth in the Parties' supplemental agreement (the "Supplemental Agreement"), and in their sole discretion, elect in writing to terminate the Settlement and this Stipulation if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement.  Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court.

## XI.    Bankruptcy Protections

A.      The Parties agree to cooperate and take all reasonable steps to protect the proceeds of this settlement from any future bankruptcy or similar restructuring by Neptune.

B.      If there is a default in Settlement Consideration (in part or in whole), and Plaintiff elects to terminate this settlement, Individual Defendants shall cooperate to ensure that any bankruptcy court does not interfere with the agreement to restore upon termination this litigation to its status as of October 10, 2022, or to impede restored litigation against the Individual

Defendants.  Specifically, no Individual Defendant shall assert or agree that this action will be stayed as to him, or seek to claim as against the bankruptcy estate any costs or liabilities related to this action without written agreement from the bankruptcy estate that the estate will avoid seeking any stay or compromise of proceedings in this action.  If this settlement is terminated and the action restored, the Individual Defendants will not seek in any bankruptcy or restructuring, and if provided will waive, a third-party release as to the claims against them in this action.

C.      If the Settlement Consideration has already been transferred in full, the Parties will cooperate to document that the transfer was proper and not a fraudulent conveyance.

D.      The Individual Defendants will not contest any bankruptcy claim made by Plaintiff or the Class.

## XII.    No Admissions

A.      The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and entry in this Settlement shall not be deemed an admission by any Plaintiff, Neptune, Cammarata, Rinow, or Landry as to the merits of any claim or defense or any allegation made in the Action.

B.      Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing or liability by Neptune, Cammarata, Rinow, or Landry; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of Neptune, Cammarata, Rinow, or Landry in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Plaintiff and the

Class Members would have received more or less than the Settlement Amount had the Action been prosecuted to conclusion.  Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Neptune, Cammarata, Rinow, or Landry may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**XIII.  Miscellaneous Provisions**

A.      The Parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

B.      All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

C.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

D.      This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

E.      This Stipulation, exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between Plaintiff on the one hand, and Neptune, Cammarata,

Rinow, and Landry on the other hand, and supersede any and all prior agreements, written or oral, between the Parties. No representations, warranties or inducements have been made concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

F.       This Stipulation may be executed in one or more original, photocopied, or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

G.       This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs, and legal representatives of the Parties hereto. No assignment shall relieve any Party hereto of obligations hereunder.

H.       All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the internal laws of the State of New York without regard to its conflicts of law rules and in accordance with the laws of the United States of America.

I.       All Parties hereby irrevocably submit to the jurisdiction of the Court with respect to enforcement of the terms of this Stipulation and for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation. In any action to enforce the terms of this Stipulation, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

J.       The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Plaintiff's Released Claims, and any potential counterclaims or cross-claims Neptune, Cammarata, Rinow, and/or Landry could have asserted with respect to

Defendants' Released Claims. Accordingly, Plaintiff and Defendants agree not to assert in any forum that the litigation was brought by Plaintiff or Class Counsel, or defended by Neptune, Cammarata, Rinow, or Landry, or their respective counsel, in bad faith or without a reasonable basis. The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, Jed Melnick.

K.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

L.    Except as otherwise provided herein, each Party shall bear its own fees and costs.

M.    The headings herein are used for the purpose of convenience and are not intended to have legal effect.

N.    Notices to the Parties required or permitted by this Stipulation shall be submitted either by overnight mail or, if expressly agreed and receipt acknowledged, by email as follows:

**To Plaintiff:**

Joshua B. Silverman
POMERANTZ LLP
10 South LaSalle Street
Suite 3505
Chicago, IL 60603
jbsilverman@pomlaw.com

**To Defendant:**

Peter A. Stokes
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4225
Peter.stokes@nortonrosefulbright.com

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound.

PLAINTIFF KENNETH RICKERT

By: _____

Joshua B. Silverman
Christopher P.T. Tourek
POMERANTZ LLP
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jbsilverman@pomlaw.com
ctourek@pomlaw.com

*Lead Counsel for Plaintiff*
*and the Class*

DEFENDANTS NEPTUNE WELLNESS
SOLUTIONS, INC., MICHAEL
CAMMARATA, DR. TONI RINOW, AND
MARTIN LANDRY

By: _____

Peter A. Stokes
NORTON ROSE FULBRIGHT US
LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4225
Telephone: (512) 536-5287
Peter.stokes@nortonrosefulbright.com

Celia A. Cohen
0301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 318-3350
Celia.cohen@nortonrosefulbright.com

*Attorneys for Defendants Neptune Wellness*
*Solutions, Inc., Michael Cammarata, Dr. Toni*
*Rinow, and Martin Landry*

# EXHIBIT A

<u>**Exhibit A**</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>                                          Plaintiff,<br><br>                    v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW, and MARTIN LANDRY<br><br>                                          Defendants. | **Case No. 2:21-cv-01386-ENV-ARL**<br><br><u>**CLASS ACTION**</u><br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiff Kenneth Rickert ("Lead Plaintiff" or "Plaintiff"), on behalf of himself and the Class; and Defendants Neptune Wellness Solutions, Inc. ("Neptune"), Michael Cammarata ("Cammarata"), Dr. Toni Rinow ("Rinow), and Martin Landry ("Landry") (collectively, "Defendants" and together with Plaintiff, the "Parties"), entered into the Stipulation of Settlement dated December 6, 2022 (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the above-captioned class action pending before the Court (the "Action"); and the Court having considered the Stipulation and the exhibits thereto, and Plaintiff's motion and supporting papers, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 202_, that:

1.      Capitalized terms used herein have the meanings defined in the Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons and entities that purchased or otherwise acquired Neptune Wellness Solutions, Inc. ("Neptune") securities on the NASDAQ or another U.S. trading venue between July 24, 2019, and July 15, 2021, both dates inclusive (the "Class Period").  Excluded from the class are Defendants, any former or current officer or director of Neptune, any entity in which any defendant (alone or in combination with other defendant(s)) has or had a controlling interest, and any affiliates, family members, legal representatives, heirs, successors, or assigns of any of the persons or entities described in this sentence.  Also excluded are any members of the Class who timely and validly exclude themselves from the Class in accordance with the requirements set forth herein and in the Notice.

3.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the Plaintiff's claims are typical of the claims of the Class he seeks to represent; (d) Plaintiff fairly and adequately represents the interests of the Class; (e) questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiff is certified as the Class Representative and his

counsel, previously selected by Plaintiff and appointed by the Court during lead plaintiff proceedings, is hereby appointed as Class Counsel.

5.      The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____ 202_ at __:___ _.m. for the following purposes:

(a)     to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)     to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine finally whether to approve the Settlement as provided under the Stipulation, entering the Final Approval Order and dismissing the Action on the merits and with prejudice, and to determine, among other things, whether the release of the Released Claims as against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute any of the Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)    to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)    to consider any application of Class Counsel for an award of fees and reimbursement of litigation expenses, or an application for an Award to Lead Plaintiff;

(f)    to consider Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

(g)    to rule upon such other matters as the Court may deem appropriate.

7.    The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind.  The Court further reserves the right to finally approve the Settlement and dismiss the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded fees or expenses.

8.    The Court approves the form, substance, and requirements of (a) the Notice, (b) the Postcard Notice, (c) the Summary Notice, and (d) the Proof of Claim form, all of which are exhibits to the Settlement Stipulation.

9.    Class Counsel has the authority to enter into the Settlement on behalf of the Class and has the authority to act on behalf of the Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

4

10.    For settlement purposes only, A.B. Data is appointed and approved as the Settlement Administrator to supervise and administer the notice procedure as well as the processing of claims.  Up to $250,000 in notice and administration costs may be paid to the Settlement Administrator without further order of this Court.

11.    Within sixteen (16) calendar days of the entry of this Order, Class Counsel, through the Settlement Administrator, shall either (a) email the Notice and Proof of Claim (or a link thereto) to Class Members for whom the Settlement Administrator is able to obtain email addresses, substantially in the form annexed to the Stipulation as Exhibits A-1 and A-4 or (b) cause the Postcard Notice directing Class Members to the Notice and Proof of Claim, substantially in the form annexed to the Stipulation as Exhibit A-2 to be mailed, by first-class mail, postage prepaid, to Class Members who can be identified with reasonable effort by Class Counsel, through the Settlement Administrator.

12.    The Settlement Administrator shall provide the Notice and Postcard Notice to nominees and custodians, and such nominees and custodians shall, within ten (10) calendar days of receipt, either: (i) request copies of the Postcard Notice sufficient to send to beneficial owners for whom they are nominee or custodian; or (ii) request an electronic link to Notice and Proof of Claim ("Notice and Claim Link"), and within ten (10) calendar days after receipt thereof, email the Notice and Claim Link to such beneficial owners for whom valid email addresses are available; or (iii) provide the Settlement Administrator with lists of the names, last known addresses, and email addresses to the extent known of such beneficial owners, in which event the Settlement Administrator shall promptly deliver a Notice and Claim Link electronically, or mail a Postcard Notice, to such beneficial owners.  Nominees or custodians who elect to send the Postcard Notice or Notice and Claim Link to their beneficial owners shall send a written certification to the

5

Settlement Administrator confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice and Notice and Claim Links shall be made available to any nominee or custodian requesting the same for the purpose of distribution to beneficial owners.  The Settlement Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.05 per name (with address and email address) provided to the Settlement Administrator; up to $0.05 per Postcard Notice plus postage at the rate used by the Settlement Administrator;  or up to $0.05 per Notice and Claim Link sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

13.    Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing and emailing, respectively, of the Postcard Notice and Notice and Claim Link, as required by this Order.

14.    Class Counsel, through the Settlement Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim to be posted on the Settlement website within sixteen (16) calendar days after entry of this Order.

15.    Class Counsel, through the Settlement Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* within ten (10) calendar days after the Postcard Notice mailing or Notice and Claim Link emailing.  Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

16.    The forms and methods set forth herein of notifying Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the

Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

17.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim and Release Form must be submitted to the Settlement Administrator: (a) electronically through the Settlement website, _____ by 11:59 p.m. Eastern Time on _____, 2023; or (b) at the Post Office Box indicated in the Notice, postmarked no later than _____, 2023 (thirty (30) calendar days prior to the Settlement Hearing). This deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from A.B. Data for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Settlement Administrator at the address designated in the Notice.

(b)      the Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Settlement Administrator or Class Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.  The Settlement Administrator or Class Counsel may request additional documentation of any claim they deem to be insufficiently documented.

(c)      Once the Settlement Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Settlement Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it

shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Settlement Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Neptune, Cammarata, Rinow, or Landry be allowed on any topic.

18.    All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Approval Order, if entered.

19.    Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request for exclusion shall mail it by first-class mail, postage prepaid, or otherwise deliver it, so that it is

9

received no later than _____, 2023 (twenty-one (21) calendar days prior to the Settlement Hearing) ("Exclusion Deadline"), to the address listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and email contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement and Class in *Gong v. Neptune Wellness Solutions Inc., et al.*, Case No. 2:21-cv-01386-ENV-ARL (E.D.N.Y.)" and (B) state the date, number of shares and dollar amount of each Neptune securities purchase or acquisition on the NASDAQ or another U.S. trading venue during the Class Period, and any sale transactions, as well as the number of Neptune shares held by the Person as of July 24, 2019, and July 15, 2021. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale of Neptune securities on the NASDAQ or another U.S. trading venue during the Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the Neptune securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

20.     The Settlement Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties (by email) as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Class will not include any Person who delivers a valid and timely request for exclusion.

21.     Any Person that submits a request for exclusion may thereafter submit to the Settlement Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) business days before the Settlement Hearing, in which event that Person will be included in the Class.

22.     All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

23.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or any application for an award of fees or reimbursement of expenses, provided, however, that no Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Approval Order, or any other order relating thereto, unless that Person has served copies of any objections, papers, and briefs to the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing Date:

|  |  |
|---|---|
| **To Plaintiff:** | **To Defendant:** |
| Joshua B. Silverman<br>POMERANTZ LLP<br>10 South LaSalle Street<br>Suite 3505<br>Chicago, IL 60603<br>jbsilverman@pomlaw.com | Peter A. Stokes<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701-4225<br>Peter.stokes@nortonrosefulbright.com |

To be valid, any such objection must contain the Person's: (1) name, address, and telephone number; (2) a list of all purchases and sales of Neptune securities on the NASDAQ or another U.S. trading venue during the Class Period in order to show membership in the Class; (3) all grounds for the objection, including any legal support known to the Class Member and/or his, her, or its counsel; and (4) the name, address and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection

with the objection.  Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or application for an award of fees or reimbursement of expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24.     Any Settlement Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Final Approval Order to be entered approving the Settlement, the Plan of Allocation, and/or any application for an award of fees or reimbursement of expenses, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

25.     The Court reserves the right to adjourn the Settlement Hearing or to conduct it remotely without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Class.

26.     All papers in support of the Settlement, the Plan of Allocation and/or any application for an award of fees or reimbursement of expenses shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing.

27.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or any application for an award of fees or reimbursement of expenses any application for an award of fees or reimbursement of expenses shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

28.     Defendants and their counsel shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Lead Plaintiff submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

29.     Pending final determination of whether the Settlement should be approved, all Plaintiff and Class Members shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding (including in the Action), unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation.

30.     All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

31.     All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

32.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission

13

or concession by Defendants, their counsel or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Plaintiff or any Class Members have suffered any damages, harm, or loss.  Moreover, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as, or argued to be, a waiver of any defenses in the Action.  Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Plaintiff of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

33.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to the execution date of the Stipulation, pursuant to the terms of the Stipulation.

34.     The Court reserves the right to alter the time or the date or manner of the Settlement Hearing without further notice to the Class Members, provided that the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above.  The Court retains exclusive jurisdiction to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim

submitted and any future requests by one or more of the Parties that the Final Approval Order, the

releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: _____, 202_

_____
Hon. Eric N. Vitaliano
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**<u>Exhibit A-1</u>**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY<br><br>Defendants. | **Case No.  2:21-cv-01386-ENV-ARL**<br><br>**<u>CLASS ACTION</u>**<br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

**<u>NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION</u>**

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED NEPTUNE WELLNESS SOLUTIONS, INC. ("NEPTUNE") SECURITIES ON THE NASDAQ OR ANOTHER U.S. TRADING VENUE BETWEEN JULY 24, 2019, AND JULY 15, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

EXCLUDED FROM THE CLASS ARE DEFENDANTS, ANY FORMER OR CURRENT OFFICER OR DIRECTOR OF NEPTUNE, ANY ENTITY IN WHICH ANY DEFENDANT (ALONE OR IN COMBINATION WITH OTHER DEFENDANT(S)) HAS OR HAD A CONTROLLING INTEREST, AND ANY AFFILIATES, FAMILY MEMBERS, LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS OF ANY OF THE PERSONS OR ENTITIES DESCRIBED IN THIS SENTENCE.

***PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.***

        **CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court for the Eastern District of New York (the "Court") in the above-captioned action (the "Action").  This is not a solicitation from a lawyer.  One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for consideration at Neptune's option of either: (a) $4,000,000 cash or (b) $1.5 million cash and $2,750,000 worth of Neptune common stock.  Plaintiff estimates that approximately 102.5 million shares of Neptune that traded during

the Class Period may have been impacted.  If all such shares were impacted, and all holders are eligible to and elect to participate in the Settlement, the average recovery per share could be $0.039 (assuming Neptune elects an all-cash settlement), before deduction of any fees, expenses, costs, and awards described herein.  The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

**POTENTIAL OUTCOME OF THE CASE**: The parties vigorously disagree on both liability and damages, and do not agree on what damages per share would be recoverable if Plaintiff prevailed on each claim alleged under the Securities Act of 1934.  The issues on which the parties disagree include, but are not limited to: (a) whether Defendants made any material misrepresentations or omissions; (b) whether Defendants acted with the requisite state of mind (*scienter*); (c) the materiality of the allegedly false and misleading statements; and (d) the effect, if any, of those statements on the price of Neptune's common stock.  Defendants deny that they are liable to the Plaintiff or the Class, and the Settlement is not an admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT:** Plaintiff believes that the proposed Settlement is fair, reasonable, adequate, and in the best interests of, the Class.  Plaintiff and his counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Plaintiff's claims, including Defendants' contentions that the Class's claims are without merit and have not been adequately pled, the uncertainties of this complex litigation, the legal and factual defenses available to Defendants, and the concrete benefits provided by the Settlement to the members of the Class.  The Settlement was entered into after extended mediation proceedings.   Without admitting any wrongdoing or liability whatsoever, Defendants nevertheless willing to settle to avoid the continuing burden, expense, and inconvenience of this Action, as well as to avoid the cost, delay, and risk of continuing the Action, provided that all of the claims of the Class are settled and compromised.

**ATTORNEYS' FEES AND COSTS SOUGHT:** Class Counsel has not received any payment for its services in conducting this litigation on behalf of Plaintiff and Class Members, nor has it been reimbursed for its out-of-pocket expenditures.  If the Settlement is approved by the Court, Class Counsel will apply to the Court for attorneys' fees not to exceed 33 1/3% of the Settlement Amount, and reimbursement of expenses not to exceed $60,000, and a compensatory award to Plaintiff not to exceed $7,000.  If Class Counsel applies for awards in the maximum amount referenced, and the Court grants such awards, the total average cost per share would be $0.0137.

**NOTICE AND ADMINISTRATION COSTS:** Subject to the Court's approval, the parties have agreed to deposit $250,000 of the Settlement Amount into a Settlement Notice and Administration Account to cover the costs related to the publication and mailing of Notice to the Class and Administration of all claims filed by Class Members.  Any amount expended in excess of $250,000 for Settlement Administration costs must be approved by the Court.

**IDENTIFICATION OF PLAINTIFF'S COUNSEL:** Requests for further information regarding the Action and this Notice may be directed to Class Counsel: Joshua B. Silverman, Esq., Pomerantz LLP, 10 South LaSalle St., Suite 3505, Chicago, IL 60603, 312-377-1181, jbsilverman@pomlaw.com.

## I.     THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of Class Members. The Class consists of:

> **All persons and entities that purchased or otherwise acquired Neptune securities on the NASDAQ or another U.S. trading venue between July 24, 2019, and July 15, 2021, both dates inclusive.**

Excluded from the class are Defendants, any former or current officer or director of Neptune, any entity in which any Defendant (alone or in combination with other Defendant(s)) has or had a controlling interest, and any affiliates, family members, legal representatives, heirs, successors, or assigns of any of the persons or entities described in this sentence.

> ***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.***

## II.     THE LITIGATION

### Summary

This Action was initiated on March 16, 2021, asserting that Neptune and certain Neptune executives misled investors in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 about: (a) the capability and status of manufacturing facilities Neptune had recently acquired in its purchase of SugarLeaf Labs, LLC; (b) Neptune's capability to fulfill, performance of, and communications with Costco regarding an agreement to provide hand sanitizer to Costco; and (c) a purchase order to supply personal protective equipment in the wake of COVID-19.

By Order dated January 4, 2022, the Court appointed Mr. Rickert as lead plaintiff and approved his selection of Pomerantz LLP as lead counsel ("Class Counsel"). After an extensive investigation, on February 16, 2022, Lead Plaintiff filed an Amended Complaint. Thereafter, the parties filed pre-motion letters pursuant to the Court's rules letters regarding Defendants' anticipated motion to dismiss. On April 12, 2022, the Court granted leave to file the motion to dismiss, which Defendants served on May 25, 2022. On July 8, 2022, Plaintiff served his opposition to Defendants' motion to dismiss. On August 5, 2022, Defendants served their reply brief and filed all briefing on the motion pursuant to the Court's "bundling rule." Defendants' motion to dismiss remained pending at the time of the parties' mediation on October 11, 2022.

### Investigation and Research Conducted by Counsel

Prior to filing the Amended Complaint, Class Counsel performed an extensive investigation into the merits of the Action, including consultation with experts concerning the amount of damages suffered by the Class; interviews of more than a dozen confidential witnesses who previously worked at Neptune and/or SugarLeaf; detailed reviews of all relevant public filings, SEC filings, press releases, and other public statements; review of analyst reports; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto with. Class Counsel has also continued to monitor Neptune's SEC filings, and until mediation continued its private investigation.

**Proposed Settlement**

Class Counsel and Defendants' Counsel participated in protracted negotiations including a full-day mediation before Jed Melnick, Esq., an experienced mediator affiliated with JAMS ADR. During these negotiations, the parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the parties at trial, the risks of collection, and other important factual and legal issues. They also discussed the denial of insurance coverage that made any insurer contribution unlikely.

At the culmination of the mediation, and after multiple follow-up rounds of discussions and negotiations over the ensuing week with the mediator's assistance, the Parties reached an agreement to settle this Action for a cash payment of $1,500,000 and, at Neptune's election, either an additional cash payment of $2,500,000 or Neptune securities valued at $2,750,000, as documented their agreement in a Memorandum of Understanding executed on October 20, 2022, and further documented in the Stipulation executed on December 6, 2022. Neptune will decide between January 25, 2023 and February 1, 2023 whether it will propose to issue Neptune securities in lieu of the $2,500,000 cash payment. If Neptune elects to propose issuing Neptune stock instead of cash, the Parties will jointly request after February 1, 2023 that the Court issue findings necessary to ensure the availability of the exemption from registration under the Securities Act provided by Section 3(a)(10) thereof for the issuance of the shares, which will be included as part of the proposed final judgment to be submitted to the Court (or as part of a separate order incorporated into the final judgment). Class Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date in the action supports the claims asserted therein. Class Counsel assert and believe the Class would present supporting evidence at trial establishing liability. By entering the Settlement, Defendants do not concede the truth of any of the claims against them and continue to deny any wrongdoing.

Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here, as well as the risks of collection. They are also mindful of the inherent problems of proof under the federal securities laws violations asserted in this Action, including the defenses that may be asserted. In light of the foregoing, Class Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on their evaluation, Class Counsel have determined that the Settlement is in the best interests of the Class.

**The Release**

In return for the payment of the Settlement Fund, Class Members who do not file for exclusion from the Class will release, discharge, and dismiss with prejudice all Plaintiff's Released Claims, without costs to any party except as provided herein, upon the Effective Date. Plaintiff and all other Class Members, whether or not any such Person submits a Proof of Claim and Release Form or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge any and all of the Plaintiff's Released Claims.

On the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings asserting Plaintiff's Released Claims in any court of law or equity, arbitration tribunal, or administrative forum. Defendants have also released claims against Plaintiff, Class Counsel, Class Members, and their related persons arising out of the prosecution of this Action.

## III.    PROPOSED PLAN OF ALLOCATION

The Settlement consideration and any interest earned thereon shall be the Settlement Fund. If Neptune elects to fund the Settlement in part with common stock, such stock may be sold prior to distribution (but no more than 1/5 per trading day), with all net proceeds delivered to the Settlement Fund. The Settlement Fund less taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proof of Claim and Release Forms ("Authorized Claimants").

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Settlement website, www.NeptuneSecuritiesSettlement.com.

The Settlement Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Settlement Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00 from such second distribution, after payment of the estimated costs

or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Plaintiff's experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS

### General Provisions

1.      There shall be no Recognized Loss attributed to any Neptune securities other than common stock.

2.      ***No reference to the number of shares, share price, or applicable inflation shall be adjusted for any split occurring after the Class Period, including Neptune's June 13, 2022 reverse split.*** The date of a purchase, acquisition, or sale of Neptune securities is the "trade" date, and not the "settlement" date.

3.      The first-in, first-out basis ("FIFO") will be applied to both purchases and sales. For Class Members who held Neptune common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the FIFO method will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of Neptune common stock during the Class Period will be matched, in chronological order, first against Neptune common stock held at the beginning of the Class Period.  The remaining sales of Neptune common stock the Class Period will then be matched, in chronological order, against Neptune common stock purchased during the Class Period.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Neptune common stock; and the date of a "short sale" is deemed to be the date of sale.  Shares originally sold short will have a Recognized Loss of zero.

5.      The exercise of option contracts into Neptune common stock will be considered to be purchases or sales of Neptune common stock as of the date of the exercise.

6.      No cash payment will be made on a claim where the potential distribution amount is less than $20.00 (Twenty Dollars and Zero Cents).  Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and  judgments    of    the Court in connection with the Settlement, including being barred from asserting any of the Plaintiff's Released Claims.

7.      The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

8.      No Person shall have any claim against Class Counsel, the Settlement Administrator or other agent designated by Class Counsel, Defendants, or Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9.      Class Members who do not submit valid Proof of Claim and Release Forms will not share in the Settlement Proceeds.  Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim and Release Form will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

10.     The Plan of Allocation was created with the assistance of a consulting damages expert which estimated the artificial inflation in the price of Neptune common stock during the Settlement Class Period as reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Neptune common stock during the Settlement Class Period is consistent with the allegations set forth in the operative complaint in this Action and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

| Table 1 Artificial Inflation in Neptune Common Stock* | | |
|---|---|---|
| From | To | Per-Share Price Inflation |
| July 24, 2019 | February 15, 2021 | $1.29 |
| February 16, 2021 | February 16, 2021 | $0.39 |
| February 17, 2021 | July 15, 2021 | $0.22 |
| July 16, 2021 | Thereafter | $0.00 |

\* For each day during the Settlement Class Period, per-share price inflation shall not exceed the closing price of the stock that day.

11.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in Neptune common stock executed outside of regular trading hours shall be deemed to have occurred during the next regular trading session.

12.     A Recognized Loss will be calculated as set forth below for each purchase or acquisition of Neptune common stock during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided.

13.     For each share of Neptune common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, July 24, 2019 through July 15, 2021, inclusive), the Recognized Loss per share shall be calculated as follows:

7

i.  For each share of Neptune common stock sold prior to February 16, 2021, the Recognized Loss Per share is $0.

ii.  For each share of Neptune common stock sold during the period February 16, 2021 through July 15, 2021, inclusive, the Recognized Loss per share is the price inflation on the date of purchase/acquisition as provided in Table 1 above, minus the price inflation on the date of sale as provided in Table 1 above.

iii.  For each share of Neptune common stock sold during the period July 16, 2021 through October 13, 2021, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

price inflation on the date of purchase/acquisition as provided in Table 1 above; or

the purchase/acquisition price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv.  For each share of Neptune common stock that was still held as of the close of trading on October 13, 2021, the Recognized Loss per share is *the lesser of*:

price inflation on the date of purchase/acquisition as provided in Table 1 above; or

the purchase/acquisition price *minus* the average closing price for Neptune common stock during the 90-Day Lookback Period, which is $0.67.

| Table 2 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 7/16/2021 | $ 0.84 | 8/16/2021 | $ 0.78 | 9/15/2021 | $ 0.71 |
| 7/19/2021 | $ 0.79 | 8/17/2021 | $ 0.77 | 9/16/2021 | $ 0.71 |
| 7/20/2021 | $ 0.80 | 8/18/2021 | $ 0.76 | 9/17/2021 | $ 0.70 |
| 7/21/2021 | $ 0.80 | 8/19/2021 | $ 0.75 | 9/20/2021 | $ 0.70 |
| 7/22/2021 | $ 0.81 | 8/20/2021 | $ 0.75 | 9/21/2021 | $ 0.70 |
| 7/23/2021 | $ 0.80 | 8/23/2021 | $ 0.74 | 9/22/2021 | $ 0.70 |
| 7/26/2021 | $ 0.80 | 8/24/2021 | $ 0.74 | 9/23/2021 | $ 0.69 |
| 7/27/2021 | $ 0.80 | 8/25/2021 | $ 0.74 | 9/24/2021 | $ 0.69 |
| 7/28/2021 | $ 0.80 | 8/26/2021 | $ 0.74 | 9/27/2021 | $ 0.69 |
| 7/29/2021 | $ 0.80 | 8/27/2021 | $ 0.74 | 9/28/2021 | $ 0.69 |
| 7/30/2021 | $ 0.80 | 8/30/2021 | $ 0.74 | 9/29/2021 | $ 0.69 |
| 8/2/2021 | $ 0.80 | 8/31/2021 | $ 0.73 | 9/30/2021 | $ 0.69 |
| 8/3/2021 | $ 0.80 | 9/1/2021 | $ 0.73 | 10/1/2021 | $ 0.69 |

| 8/4/2021 | $ 0.79 | 9/2/2021 | $ 0.73 | 10/4/2021 | $ 0.68 |
| 8/5/2021 | $ 0.79 | 9/3/2021 | $ 0.73 | 10/5/2021 | $ 0.68 |
| 8/6/2021 | $ 0.80 | 9/7/2021 | $ 0.72 | 10/6/2021 | $ 0.68 |
| 8/9/2021 | $ 0.80 | 9/8/2021 | $ 0.72 | 10/7/2021 | $ 0.68 |
| 8/10/2021 | $ 0.80 | 9/9/2021 | $ 0.72 | 10/8/2021 | $ 0.68 |
| 8/11/2021 | $ 0.80 | 9/10/2021 | $ 0.72 | 10/11/2021 | $ 0.68 |
| 8/12/2021 | $ 0.79 | 9/13/2021 | $ 0.72 | 10/12/2021 | $ 0.67 |
| 8/13/2021 | $ 0.78 | 9/14/2021 | $ 0.71 | 10/13/2021 | $ 0.67 |

## IV.    REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first-class mail, sufficient postage prepaid, a written request for exclusion from the Class, postmarked no later than _____, 2023, addressed to the Settlement Administrator at:

Gong v. Neptune Wellness Solutions Inc., et al.
c/o A.B. Data, Ltd.
Exclusions
P.O. Box 173001
Milwaukee, WI 53217

Such request for exclusion shall be in a form that sufficiently identifies (1) the name and address, phone number, and email contact information (if any) of the person(s) or entity seeking exclusion, (2) a list of all transaction(s) involving Neptune securities during the period from July 24, 2019 through July 15, 2021, including the number of shares, principal amount and trade date of each purchase and sale; and (3) specifically state that the person(s) "requests to be excluded from the Settlement and Class in *Gong v. Neptune Wellness Solutions, Inc., et al.*, No. 2:21-cv-01386-ENV-ARL (E.D.N.Y.)."  A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein.  **You cannot exclude yourself by telephone, email, or fax.**

In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale of Neptune securities during the Class Period; and (ii) demonstrating the person's status as a beneficial owner of the Neptune securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury.

**If a person or entity who is a member of the Class duly and timely requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments**

entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all members of the Class who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Plaintiff's Released Claims.

## V.    STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

If the proposed Settlement is approved, Class Counsel intend to apply to the Court for an award of attorneys' fees and reimbursement of expenses from the Settlement Fund. Class Counsel will seek no more than 33 1/3% of the Settlement Fund (including any interest earned thereon) as fees, plus reimbursement for the litigation expenses and costs actually incurred in prosecuting the action not to exceed $60,000. Class Counsel believe their intended fee request to be fair and reasonable.  Class Counsel have litigated this Action on a wholly contingent basis and have received no compensation during the period the Action has been pending, while expending considerable time and funds during the Action.  Had the Action not been successful, Class Counsel would have sustained a considerable financial loss.

In addition, Class Counsel intend to apply to the Court on behalf of Plaintiff for reimbursement from the Settlement Fund for his reasonable time, costs, and expenses directly relating to their representation of the Class, not to exceed $7,000.

## VI.    THE SETTLEMENT HEARING

The Settlement Hearing shall be held before Honorable Eric N. Vitaliano, on _____, 2023, at _____ .m., in the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 or remotely as the Court shall order to determine: (1) whether a Class should be certified for purposes of the Settlement and whether Plaintiff and Class Counsel have adequately represented the Class Members; (2) whether the Settlement of the Class's claims for either $4,000,000 cash or $1,500,000 cash plus $2,750,000 worth of Neptune securities, at Neptune's election, should be approved as fair, reasonable, and adequate; (3) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (5) whether the Action should be dismissed with prejudice, as set forth in the Stipulation filed with the Court; (6) whether the application by Class Counsel for an award of attorneys' fees and expenses should be approved; and (7) whether Plaintiff's application for reimbursement of costs and expenses should be granted.

> ***The Settlement Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Settlement Hearing or at any adjournment or continuance thereof, or notice on the official docket available for inspection at the Court or via the Court's PACER system.***

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the adequacy of the representation, the proposed Plan of Allocation

of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for reimbursement of the reasonable time, costs, and expenses of Plaintiff, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney (or via any video platform designated by the Court) at the Settlement Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant.  However, no person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be considered by the Court unless, **no later than _____, 2023**, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, including a statement specifying whether the objection applies to the objector, to a specific subset of the class, or to the entire class, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section IV herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

|  |  |
|---|---|
| **To Plaintiff:** | **To Defendants:** |
| Joshua B. Silverman<br>POMERANTZ LLP<br>10 South LaSalle Street<br>Suite 3505<br>Chicago, IL 60603<br>jbsilverman@pomlaw.com | Peter A. Stokes<br>NORTON ROSE FULLBRIGHT LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701-4225<br>Peter.stokes@nortonrosefulbright.com |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person or entity may have and shall be barred from raising such objections in this Action or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to Plaintiff will not affect the finality of either the Settlement or the Judgment to be entered pursuant thereto, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Class Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII.    PROOF OF CLAIM AND RELEASE FORM

*To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign, and file a Proof of Claim and Release Form ("Proof of Claim").*  A Proof of Claim is attached to this Notice.  You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must be postmarked on or _____, 2023** and addressed to:

Gong v. Neptune Wellness Solutions Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid.  Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a release of all Plaintiff's Released Claims as described in Section II, above, by all members of the Class who file Proofs of Claim.  The release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a member of the Class and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by_____, 2023 please send it by certified mail, return requested, or its equivalent.  No other formal acknowledgment will be provided**.**

## VIII.   <u>SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES</u>

Brokerage firms, banks, financial institutions, and other nominees ("Nominees") who, during the Class Period, purchased, acquired, or sold Neptune securities in the name of the Nominees on behalf of beneficial owners who may be members of the Class, *must* within ten (10) days after you receive this Notice, either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names, email addresses, and physical addresses of such Persons to:

Gong v. Neptune Wellness Solutions Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

The Settlement Administrator will then cause a link to the Notice and Proof of Claim to be emailed, or a Postcard Notice directing such Persons to the website containing the Notice and Proof of Claim to be mailed, promptly to such beneficial owners.

If you choose to email the Notice and Proof of Claim or mail the Postcard Notice yourself, you may obtain from the Settlement Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing a maximum of <u>$0.05</u> for providing names, addresses,

and email addresses to the Settlement Administrator; up to a <u>maximum of $0.05 per Postcard Notice mailed by you, plus postage at the rate used by the Settlement Administrator</u>; or <u>$0.05 per Notice or link to Notice sent by email</u>.  Those expenses will be paid upon request and submission of appropriate supporting documentation.

### IX.    <u>FURTHER INFORMATION</u>

This Notice merely provides a brief summary of the Action and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the Action, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action.  You may examine and/or copy the records in the Action, subject to customary copying fees, at the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, at any time it is open to the general public. In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim and proposed Judgments may be obtained by viewing the website at www.NeptuneSecuritiesSettlement.com, or contacting the Settlement Administrator at:

Gong v. Neptune Wellness Solutions Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

In addition, you may contact Joshua B. Silverman, Esq., Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, (312) 377-1181, jbsilverman@pomlaw.com if you have any questions about the Action or the Settlement.

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated:  _____, 202_

_____
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A-2

Gong v. Neptune Wellness Solutions Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

**Court-Ordered Legal Notice
Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

Case No. 2:21-cv-01386-ENV-ARL
(E.D.N.Y.)

Case Pending in the United States District Court for the
Eastern District of New York

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*Gong v. Neptune Wellness Solutions Inc., et al., No. 2:21-cv-01386-ENV-ARL (E.D.N.Y.)*

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT
WWW.NEPTUNESECURITIESSETTLEMENT.COM OR CALL (877) 254-8530 FOR MORE INFORMATION.

The United States District Court for the Eastern District of New York ("Court") has preliminarily approved a proposed Settlement of claims against Neptune Wellness Solutions, Inc., Michael Cammerata, Dr. Toni Rinow, and Martin Landry (collectively, "Defendants"). The proposed Settlement would resolve claims against Defendants in a class action lawsuit alleging that, in violation of the federal securities laws, Defendants made misrepresentations and/or omissions of material fact in various public statements to investors. Defendants deny the allegations.

You received this notice because you may have purchased or acquired Neptune securities on the NASDAQ or another U.S. trading venue between July 24, 2019, and July 15, 2021, both dates inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $4,000,000 to $4,250,000 depending on the form of consideration provided, less fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.NeptuneSecuritiesSettlement.com. You may also request copies of the Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: *Gong v. Neptune Wellness Solutions Inc., et al.*, c/o A.B. Data, Ltd., P.O. Box 173073, Milwaukee, WI 53217; (2) call toll free: (877) 254-8530; or (3) through the website: www.NeptuneSecuritiesSettlement.com.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.NeptuneSecuritiesSettlement.com. PROOFS OF CLAIM ARE DUE BY _____, 2023 TO GONG V. NEPTUNE WELLNESS SOLUTIONS INC., ET AL., C/O A.B. DATA, LTD., P.O. BOX 173073, MILWAUKEE, WI 53217. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____ __, 2023. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____ __, 2023. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on _____ __, 2023 at ___:___ .m. at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 to consider whether to approve the Settlement, the Plan of Allocation, and a request by Class Counsel for an award of attorneys' fees up to one-third of the Settlement Amount, up to $60,000 reimbursement for expenses incurred in litigating the case, and a compensatory award to Lead Plaintiff not to exceed $7,000. You may, but do not have to, attend the hearing and ask to be heard by the Court. For more information, call toll-free (877) 254-8530, or visit the website www.NeptuneSecuritiesSettlement.com.

# EXHIBIT A-3

<u>**Exhibit A-3**</u>

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY<br><br>Defendants. | **Case No. 2:21-cv-01386-ENV-ARL**<br><br><u>**CLASS ACTION**</u><br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

### <u>NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION</u>

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED NEPTUNE WELLNESS SOLUTIONS, INC. ("NEPTUNE") SECURITIES ON THE NASDAQ OR ANOTHER U.S. TRADING VENUE BETWEEN JULY 24, 2019 THROUGH JULY 15, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.   PLEASE READ THIS SUMMARY NOTICE CAREFULLY AND IN ITS   ENTIRETY.     PLEASE   REVIEW   THE   NOTICE   POSTED   AT WWW.NEPTUNESECURITIESSETTLEMENT.COM FOR ADDITIONAL DETAILS AND INSTRUCTIONS.**

YOU ARE HEREBY NOTIFIED that a hearing will be held in the above-captioned action (the "Action") on _____, 2023, at _:__ _.m., before the Honorable Eric N. Vitaliano in Courtroom 4C S of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 or via Microsoft Teams or some other video platform to determine: (1) whether a Class should be certified for purposes of the Settlement and whether Plaintiff and Lead Counsel have adequately represented the Class Members; (2) whether the Settlement of the Class's claims against Defendants for $4,000,000 in cash or, if Neptune so proposes between January 25, 2023 and February 1, 2023, $1.5 million cash and $2,750,000 worth of Neptune common stock should be approved as fair, reasonable, and adequate; (3) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (5) whether the Action should be dismissed with prejudice against Defendants, as set forth

Action; (5) whether the Action should be dismissed with prejudice against Defendants, as set forth in the Stipulation filed with the Court; (6) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (7) whether Plaintiff's application for reimbursement of costs and expenses should be granted.

IF YOU PURCHASED OR OTHERWISE ACQUIRED NEPTUNE WELLNESS SOLUTIONS, INC. SECURITIES ON THE NASDAQ OR ANOTHER U.S. TRADING VENUE BETWEEN JULY 24, 2019 THROUGH JULY 15, 2021, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim, postmarked or delivered to the Settlement Administrator no later than _____, 2023.  Your failure to submit your Proof of Claim by _____, 2023, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of the Action.  If you are a Class Member and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

Copies of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Settlement), a Proof of Claim form, and the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) may be obtained online at www.NeptuneSecuritiesSettlement.com or from the Claims Administrator at:

Gong v. Neptune Wellness Solutions Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of Court.  Inquiries may also be made to Lead Counsel:

Joshua B. Silverman, Esq.
POMERANTZ LLP
10 S. LaSalle St., Ste. 3505
Chicago, IL 60603
Telephone: (312) 377-1181

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN _____, 2023, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL CLASS MEMBERS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE JUDGMENTS ENTERED IN THE ACTION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, ANY REQUEST FOR AN AWARD OF ATTORNEYS FEES AND EXPENSES, OR ANY REQUEST FOR A COMPENSATORY AWARD TO LEAD PLAINTIFF BY _____, 2023, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

Dated: _____, 2023

_____
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A-4

<u>**Exhibit A-4**</u>

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>        v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY<br><br>Defendants. | **Case No. 2:21-cv-01386-ENV-ARL**<br><br>**<u>CLASS ACTION</u>**<br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

**PROOF OF CLAIM AND RELEASE FORM**

**Deadline for Submission: _____, 2023**

IF YOU PURCHASED OR OTHERWISE ACQUIRED NEPTUNE WELLNESS SOLUTIONS, INC. ("NEPTUNE") SECURITIES ON THE NASDAQ OR ANOTHER U.S. TRADING VENUE BETWEEN JULY 24, 2019 THROUGH JULY 15, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. EXCLUDED FROM THE CLASS ARE DEFENDANTS, ANY FORMER OR CURRENT OFFICER OR DIRECTOR OF NEPTUNE, ANY ENTITY IN WHICH ANY DEFENDANT (ALONE OR IN COMBINATION WITH OTHER DEFENDANT(S)) HAS OR HAD A CONTROLLING INTEREST, AND ANY AFFILIATES, FAMILY MEMBERS, LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS OF ANY OF THE PERSONS OR ENTITIES DESCRIBED IN THIS SENTENCE.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2023 TO THE SETTLEMENT ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Gong v. Neptune Wellness Solutions Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

YOUR FAILURE TO SUBMIT THIS PROOF OF CLAIM BY _____, 2023 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER

1

CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESS ABOVE. IF YOU ARE A CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

## CLAIMANT'S STATEMENT

1. I (We) acquired Neptune securities on the NASDAQ or another U.S. trading venue from July 24, 2019 through July 15, 2021, both dates inclusive. (Do not submit this Proof of Claim and Release Form if you did not acquire Neptune securities during the Class Period.)

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member(s) as defined above and in the Notice of Pendency and Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (We) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (We) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with the processing of the Proof of Claim.

4. I (We) have set forth where requested below all relevant information with respect to each acquisition of Neptune securities during the Class Period, and each sale, if any, of such securities. I (We) agree to furnish additional information to the Settlement Administrator to support this claim if requested to do so.

5. I (We) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each acquisition and sale of Neptune securities listed below between July 24, 2019 and October 13, 2021, inclusive, in support of my (our) claim. It is necessary to provide purchase and sale information through October 13, 2021, even though this is beyond the Class Period, because the federal securities laws require such information in calculating losses. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (We) understand that the information contained in this Proof of Claim is subject to such verification as the Settlement Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Settlement Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Settlement Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. I (We) understand that there shall be no Recognized Loss attributed to any Neptune securities other than common stock. I (We) understand that the exercise of option contracts into Neptune common stock will be considered to be purchases or sales of Neptune common stock as of the date of the exercise.

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto will release, discharge, and dismiss with prejudice all Plaintiff's Released Claims, without costs to any party except as provided herein, upon the Effective Date. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) acknowledge that I (we) and each of my (our) predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge any and all of the Plaintiff's Released Claims, as those terms are defined in the Stipulation of Settlement (the "Stipulation").

9. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) that I (we) will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings asserting Plaintiff's Released Claims in any court of law or equity, arbitration tribunal, or administrative forum.

3

10. "Effective Date" has the meaning laid out in the Stipulation.

11. "Recognized Loss" has the meaning laid out in the Plan of Allocation.

12. "Released Claims" has the meaning laid out in the Stipulation.

13. "Released Parties" has the meaning laid out in the Stipulation.

14. "Unknown Claims" has the meaning laid out in the Stipulation.

15. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

16. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Settlement Administrator at Gong v. Neptune Wellness Solutions Inc. et al. c/o A.B. Data, Ltd. P.O. Box 173073 Milwaukee, WI 53217 or by visiting the website www.NeptuneSecuritiesSettlement.com. One spreadsheet may contain the information for multiple Persons and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Proof of Claim, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The transactions and holdings in Neptune securities should be reported in the electronic file so that each resulting Claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one Claim will be processed per Legal Entity (e.g. a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Settlement Class Period, one total holding at the end of the Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed a single Claim). The Settlement Administrator reserves the right to combine a Legal Entity's accounts into a single Claim prior to processing in the event that a Legal Entity's accounts are divided across multiple Claims when submitted by a Representative Filer. The Settlement Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in Neptune securities to prove and accurately process the Claim.

17. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.NeptuneSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Settlement Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Settlement Administrator toll-free at (877) 254-8530 or visiting their website at www.NeptuneSecuritiesSettlement.com. If you are not a Representative Filer, but your claim contains a large number of transactions, the Settlement Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

## I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

### SCHEDULE OF TRANSACTIONS IN NEPTUNE SECURITIES

**FOR ALL OF THE SUBSEQUENT LISTINGS, NO REFERENCE TO THE NUMBER OF SHARES, SHARE PRICE, OR APPLICABLE INFLATION SHALL BE ADJUSTED FOR ANY SPLIT OCCURRING AFTER THE CLASS PERIOD, INCLUDING NEPTUNE'S JUNE 13, 2022 REVERSE SPLIT. THE DATE OF A PURCHASE, ACQUISITION, OR SALE OF NEPTUNE SECURITIES IS THE "TRADE" DATE, AND NOT THE "SETTLEMENT" DATE.**

**Beginning Holdings:**

A.  State the total number of shares of Neptune securities held at the close of trading on July 23, 2019 (*must be documented*). If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase or acquisition of Neptune securities on the NASDAQ or another U.S. trading venue between July 24, 2019 and October 13, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C.  Separately list each and every sale of Neptune securities between July 24, 2019 and October 13, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.  State the total number of shares of Neptune securities held at the close of trading on October 13, 2021 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## IV. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

## V. CERTIFICATION

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York, with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Neptune securities during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

6

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT, AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED NO LATER THAN _____, 2023 AND MUST BE MAILED TO:**

Gong v. Neptune Wellness Solutions Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

A Proof of Claim received by the Settlement Administrator shall be deemed to have been submitted when postmarked, if mailed by _____, 2023 and if a postmark is indicated on the envelope, it is mailed first class, and it is addressed in accordance with the above instructions.  In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim.  Please notify the Settlement Administrator of any change of address.

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page 7.  If this Proof of Claim is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move or change your address, telephone number or email address, please submit the new information to the Settlement Administrator, as well as any other information that will assist us in contacting you.  NOTE:

7

Failure to submit updated information to the Settlement Administrator may result in the Settlement Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated, | **Case No. 2:21-cv-01386-ENV-ARL** |
| Plaintiff, | **CLASS ACTION** |
| v. | Hon. Eric N. Vitaliano |
| NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW, and MARTIN LANDRY | Hon. Arlene R. Lindsay |
| Defendants. | |

**[PROPOSED] FINAL APPROVAL ORDER**

**[IF NEPTUNE FUNDS THE SETTLEMENT ENTIRELY WITH CASH]**

On the ____ day of _____, 2023 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated December 6, 2022 ("Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class in this Action, including the release of Plaintiff's Released Claims and Defendants' Released Claims, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award attorneys' fees to Class Counsel; (5) whether and in what amount to award Class Counsel reimbursement of litigation expenses; and (6) whether and in what amount to award compensation to Lead Plaintiff.

The Court having considered all matters submitted to it at the hearing and otherwise; and

it appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement, dated _____, 202_ ("Preliminary Approval Order") was published; the Mailed Notice and Proof of Claim were mailed or emailed to all reasonably identifiable Class Members, and the Notice, Proof of Claim, and other settlement documents were posted to the Settlement website; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      This Final Approval Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a)      the number of Class Members is so numerous that joinder of all members thereof is impracticable;

(b)      there are questions of law and fact common to the Class;

(c)      the claims of Plaintiff are typical of the claims of the Class he seeks to represent;

(d)      Plaintiff and Class Counsel fairly and adequately represent the interests of the Class;

(e)      questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

    i.      the interests of Class Members in individually controlling the prosecution of the separate actions;

    ii.      the extent and nature of any litigation concerning the controversy already commenced by Class Members;

    iii.      the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

    iv.      the difficulties likely to be encountered in the management of the class action.

The Class is being certified for settlement purposes only.

4.      The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons and entities that purchased or otherwise acquired Neptune Wellness Solutions, Inc. ("Neptune") securities on the NASDAQ or another U.S. trading venue between July 24, 2019, and July 15, 2021, both dates inclusive (the "Class Period").  Excluded from the class are Defendants, any former or current officer or director of Neptune, any entity in which any defendant (alone or in combination with other defendant(s)) has or had a controlling interest, and any affiliates, family members, legal representatives, heirs, successors, or assigns of any of the persons or entities described in this sentence.  Also excluded are those Class members who have timely and validly

excluded themselves from the Class in accordance with the requirements set forth in the Mailed Notice and Preliminary Approval Order, as listed on Exhibit A hereto.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Class and Class Counsel previously selected by him and appointed by the Court is hereby appointed as counsel for the Class.

6.    In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Class Members are bound by this Final Approval Order except those Persons listed on Exhibit A hereto.

7.    The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations

4

between experienced counsel representing the interests of Plaintiff, Class Members, and Defendants.  The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      The Action and all claims contained therein, as well as all of Plaintiff's Released Claims, are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.      The Court orders that:

(a)      In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution, equitable indemnity, or any claims however designated that seek equivalent relief are hereby permanently barred and discharged if the claim or claims: (1) arise out of the Action or any Plaintiff's Released Claim; and (2) are filed by any Person against Defendants; except that Defendants expressly reserve the right to seek contribution, equitable indemnity, or any claim seeking equivalent relief against any Person whose liability has been extinguished by the Settlement.

(b)      Any and all Class Members and other Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any of the Plaintiff's Released Claims, however styled, (hereafter the "Complete Bar Order").  All such claims are hereby extinguished, discharged, satisfied, and unenforceable.

(c)      If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Plaintiff's Released Claim.

(d)    Notwithstanding the Complete Bar Order or anything else in the Stipulation, nothing shall release, interfere with, limit, or bar the assertion by any Defendant of any claim for or defense to the availability of insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action, except as limited by the insurance agreement.

10.    Plaintiff and Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether such person submits a Proof of Claim or obtains any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiff's Released Claims. Plaintiff and Class Members shall be deemed to have, and by operation of this Order shall have, covenanted not to sue with respect to any and all Plaintiff's Released Claims in any forum and in any capacity. Plaintiff and Class Members shall be and hereby are permanently barred and enjoined from commencing or prosecuting any Plaintiff's Released Claim in any forum or capacity. Defendants, on behalf of themselves, their successors and assigns, and any other persons claiming (now or in the future) through or on behalf of him, similarly release and are permanently barred and enjoined from pursuing Defendants' Released Claims. Nothing contained herein shall, however, bar Plaintiff or Defendants from bringing any action or claim to enforce the terms of the Stipulation or this Final Approval Order.

11.    The Clerk of this Court shall enter Judgment dismissing this Action with prejudice.

12.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the

6

Settlement Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

13.     The Court awards fees to Class Counsel in the amount of $_____, and reimbursement of expenses to Class Counsel in the amount of $_____, all to be paid from the Settlement Fund.  The Court also awards Lead Plaintiff a compensatory award in the amount of $_____, also to be paid from the Settlement Fund.

14.     The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

15.     Neither this Order, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of Plaintiff's Released Claims, the truth or falsity of any fact alleged by Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants;

(b)     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

(c)     is or may be deemed to be or shall be used, offered, or received against Plaintiff or Defendants as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiff or the Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)     is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Plaintiff or Defendants that any claim is with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

16.     This Order may be filed in any other action that may be brought with respect to any of Plaintiff's Released Claims or Defendants' Released Claims to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Parties may file the Stipulation and/or this Order in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order.

17.     Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction

of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

18.    Without affecting the finality of this Order in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

19.    Without further order of the Court, Defendants and Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.    The finality of this Order is not contingent on rulings that the Court may make on any application in the Action for fees or expenses to Class Counsel, or compensatory awards to Lead Plaintiff.

21.    If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to October 10, 2022, pursuant to the terms of the Stipulation.

Dated: _____, 2023

_____
Hon. Eric N. Vitaliano
UNITED STATES DISTRICT JUDGE