# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY, <br><br> Defendants. | Case No. 2:21-cv-01386-ENV-ARL <br><br> **CLASS ACTION** <br><br> Hon. Eric N. Vitaliano <br> Hon. Arlene R. Lindsay |

**DECLARATION OF ERIC A. NORDSKOG REGARDING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Eric A. Nordskog, declare as follows:

1.    I am a Senior Project Manager of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data")[1], whose Corporate Office is located in Milwaukee, Wisconsin. Pursuant to the Court's March 16, 2023, Order granting preliminary approval of the class action settlement and plan of allocation; certification of the proposed class; and approval of the notice to the class (the "Preliminary Approval Order"), A.B. Data was authorized to act as the Settlement Administrator in connection with the Settlement in the above-captioned action (the "Action"). I am over 21 years of age and am not a party to this Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.    On March 23, 2023, A.B. Data received a data file from Defendants' counsel with the names and addresses of 51 unique record holders of Neptune Wellness Solutions Inc. ("Neptune")

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation of Settlement dated December 6, 2022 ("Stipulation"). ECF No. 57-2.

securities that were potential Class Members.  On March 31, 2023, A.B. Data caused the Postcard Notice, a copy of which is attached as Exhibit A hereto, to be sent by First-Class Mail to these 51 potential Class Members.

3.      As in most class actions of this nature, the majority of potential Class Members are beneficial purchasers whose securities are held in "street name" by nominees – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees.  On March 31, 2023, A.B. Data caused Postcard Notices to be mailed to the 4,975 mailing records contained in the A.B. Data record holder mailing database.

4.      In addition, on or around March 31, 2023, A.B. Data also delivered electronic copies of the Notice of Pendency and Settlement of Class Action ("Long Form Notice") and the Proof of Claim and Release Form ("Proof of Claim") to 487 banks, brokers, and nominees for which A.B. Data has a registered email address. Copies of the Long Form Notice and Proof of Claim are attached hereto as Exhibits B and C, respectively.

5.      On March 31, 2023, A.B. Data also submitted the Long Form Notice and the Proof of Claim to the Depository Trust Company to post on their Legal Notice System, which offers DTC member banks and brokers access to a comprehensive library of notices concerning DTC-eligible securities.

6.      As of the date of this Declaration, A.B. Data has received 3,480 names and addresses of potential Class Members from individuals or brokerage firms, banks, institutions, and other nominees. A.B. Data has also received requests from brokers and other nominee holders for 25,965 Postcard Notices, which the brokers and nominees are required to mail to their customers.  All such mailing requests have been responded to by A.B. Data in a timely manner.

7.      Additionally, on May 16, 2023, A.B. Data received a request from Broadridge – Apex to mail the Postcard Notice to 29,522 of its clients. The projected mailing date for this request is May 25, 2023.  Since Broadridge - Apex provided the list of names within 5 days of the claims filing deadline, A.B. Data will include a letter with the Postcard Notice that explains that although the Postcard Notice will likely be received after the claims filing deadline, any potential Settlement Class Member who "wishes to be eligible to participate in the Settlement" should "submit a valid Claim Form" and that "A.B. Data, Ltd. is continuing to accept and process claims, which Lead Counsel will submit to the Court, and recommend for approval, provided that they do not materially delay distribution of the Settlement."

8.      As of the date of this Declaration, a total of 34,471 Postcard Notices have been mailed to potential Class Members and their nominees. Coupled with the 29,522 records included with the Broadridge – Apex request A.B. Data will have mailed a total of 63,993 Postcard Notices.  In addition, A.B. Data has re-mailed 30 Postcard Notices to persons whose original mailing was returned by the U.S. Postal Service and for whom updated addresses were obtained through either the Postal Service or address research conducted through TransUnion.

## PUBLICATION OF THE SUMMARY NOTICE

9.      In accordance with the Preliminary Approval Order, A.B. Data caused the Summary Notice to be transmitted over *PR Newswire* on April 11, 2023.  Proof of this publication of the Summary Notice is attached hereto as Exhibit D.

## TELEPHONE HOTLINE

10.     On or about March 31, 2023, a case-specific toll-free phone number, 877-254-8530, was established with an Interactive Voice Response system and live operators. An automated attendant answers all calls initially and presents callers with a series of choices to respond to basic questions.  If callers need further help, they have the option to be transferred to an operator during business hours.

## WEBSITE

11.     A.B.    Data    has    also    established    a    case-specific    website, www.NeptuneSecuritiesSettlement.com, which provides general information regarding the case and its current status, as well as downloadable copies of the Postcard Notice, Long Form Notice, Proof of Claim, and other court documents, including the Settlement Agreement.

## REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

12.     The Postcard Notice and the Long Form Notice informed potential Class Members that written requests for exclusion are to be mailed to *Gong v. Neptune Wellness Solutions Inc., et al.*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217 such that they are postmarked no later than May 30, 2023. A.B. Data has been monitoring all mail delivered to the post office box. As of the date of this Declaration, A.B. Data has not received any requests for exclusion.

13.     According to the Long Form Notice, Class Members seeking to object to the Settlement, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for reimbursement of the reasonable time, costs, and expenses of Plaintiff are required to submit their objection in writing such that the request is received by the Parties and filed with the Court no later than May 30, 2023.

14.     A.B. Data is aware an objection to the Settlement was filed with the Court on May 8, 2023 (ECF No. 61). As of the date of this Declaration, A.B. Data has not received any additional correspondence regarding this filing or any other misdirected objections.

## CLAIMS RECEIVED TO DATE

15.     Pursuant to the Preliminary Approval Order, Proofs of Claim were to be submitted no later than May 21, 2023. As of the date of this Declaration A.B. Data has received 2,003 Proofs of Claim. As in most cases of this nature the vast majority of Claims are expected to be submitted on or around the

4

claim filing deadline. A.B. Data continues to process and load claim submissions. A.B Data will submit a supplemental declaration prior to the Settlement Hearing providing addressing additional claims received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of May 2023.

Eric A. Nordskog

# EXHIBIT A

Gong v. Neptune Wellness Solutions Inc., et al.
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

Case No. 2:21-cv-01386-ENV-ARL (E.D.N.Y.)

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*Important Notice about a*
*Securities Class Action Settlement*

Case Pending in the United States District Court for the
Eastern District of New York

*You may be entitled to a payment.*
*This Notice may affect your legal*
*rights.*

*Please read it carefully.*

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*Gong v. Neptune Wellness Solutions Inc., et al.*, No. 2:21-cv-01386-ENV-ARL (E.D.N.Y.)

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT
WWW.NEPTUNESECURITIESSETTLEMENT.COM OR CALL (877) 254-8530 FOR MORE INFORMATION.

The United States District Court for the Eastern District of New York ("Court") has preliminarily approved a proposed Settlement of claims against Neptune Wellness Solutions Inc., Michael Cammerata, Dr. Toni Rinow, and Martin Landry (collectively, "Defendants"). The proposed Settlement would resolve claims against Defendants in a class action lawsuit alleging that, in violation of the federal securities laws, Defendants made misrepresentations and/or omissions of material fact in various public statements to investors. Defendants deny the allegations.

You received this notice because you may have purchased or acquired Neptune securities on the NASDAQ or another U.S. trading venue between July 24, 2019, and July 15, 2021, both dates inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $4,000,000 to $4,250,000 depending on the form of consideration provided, less fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.NeptuneSecuritiesSettlement.com. You may also request copies of the Notice and Proof of Claim from the Settlement Administrator through any of the following ways: (1) mail: *Gong v. Neptune Wellness Solutions Inc., et al.*, c/o A.B. Data, Ltd., P.O. Box 173073, Milwaukee, WI 53217; (2) call toll free: (877) 254-8530; or (3) through the website: www.NeptuneSecuritiesSettlement.com.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.NeptuneSecuritiesSettlement.com. PROOFS OF CLAIM ARE DUE BY MAY 21, 2023, TO GONG V. NEPTUNE WELLNESS SOLUTIONS INC., ET AL., C/O A.B. DATA, LTD., P.O. BOX 173073, MILWAUKEE, WI 53217. If you do not want to be legally bound by the Settlement, you must exclude yourself by May 30, 2023. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by May 30, 2023. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on June 20, 2023, at 11:00 a.m. in Courtroom 810, United States Federal Courthouse, Central Islip, New York 11722 to consider whether to approve the Settlement, the Plan of Allocation, and a request by Class Counsel for an award of attorneys' fees up to one-third of the Settlement Amount, up to $60,000 reimbursement for expenses incurred in litigating the case, and a compensatory award to Lead Plaintiff not to exceed $7,000. You may, but do not have to, attend the hearing and ask to be heard by the Court. For more information, call toll-free (877) 254-8530, or visit the website www.NeptuneSecuritiesSettlement.com.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>                  v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY,<br><br>Defendants. | **Case No. 2:21-cv-01386-ENV-ARL**<br><br>**CLASS ACTION**<br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

<u>**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**</u>

**TO:   ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED NEPTUNE WELLNESS SOLUTIONS INC. ("NEPTUNE") SECURITIES ON THE NASDAQ OR ANOTHER U.S. TRADING VENUE BETWEEN JULY 24, 2019, AND JULY 15, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

EXCLUDED FROM THE CLASS ARE DEFENDANTS, ANY FORMER OR CURRENT OFFICER OR DIRECTOR OF NEPTUNE, ANY ENTITY IN WHICH ANY DEFENDANT (ALONE OR IN COMBINATION WITH OTHER DEFENDANT(S)) HAS OR HAD A CONTROLLING INTEREST, AND ANY AFFILIATES, FAMILY MEMBERS, LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS OF ANY OF THE PERSONS OR ENTITIES DESCRIBED IN THIS SENTENCE.

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

**CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court for the Eastern District of New York (the "Court") in the above-captioned action (the "Action").  This is not a solicitation from a lawyer.  One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for consideration at Neptune's option of either: (a) $4,000,000 cash or (b) $1,500,000 cash and $2,750,000 worth of Neptune common stock.  Neptune has since chosen the latter option.  Plaintiff estimates that approximately 102.5

million shares of Neptune that traded during the Class Period may have been impacted.  If all such shares were impacted, and all holders are eligible to and elect to participate in the Settlement, the average recovery per share could be $0.041, before deduction of any fees, expenses, costs, and awards described herein.  The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

**POTENTIAL OUTCOME OF THE CASE**: The parties vigorously disagree on both liability and damages, and do not agree on what damages per share would be recoverable if Plaintiff prevailed on each claim alleged under the Securities Act of 1934.  The issues on which the parties disagree include, but are not limited to: (a) whether Defendants made any material misrepresentations or omissions; (b) whether Defendants acted with the requisite state of mind (*scienter*); (c) the materiality of the allegedly false and misleading statements; and (d) the effect, if any, of those statements on the price of Neptune's common stock.  Defendants deny that they are liable to the Plaintiff or the Class, and the Settlement is not an admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT:** Plaintiff believes that the proposed Settlement is fair, reasonable, adequate, and in the best interests of, the Class.  Plaintiff and his counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Plaintiff's claims, including Defendants' contentions that the Class's claims are without merit and have not been adequately pled, the uncertainties of this complex litigation, the legal and factual defenses available to Defendants, and the concrete benefits provided by the Settlement to the members of the Class.  The Settlement was entered into after extended mediation proceedings.  Without admitting any wrongdoing or liability whatsoever, Defendants are nevertheless willing to settle to avoid the continuing burden, expense, and inconvenience of this Action, as well as to avoid the cost, delay, and risk of continuing the Action, provided that all of the claims of the Class are settled and compromised.

**ATTORNEYS' FEES AND COSTS SOUGHT:** Class Counsel has not received any payment for its services in conducting this litigation on behalf of Plaintiff and Class Members, nor has it been reimbursed for its out-of-pocket expenditures.  If the Settlement is approved by the Court, Class Counsel will apply to the Court for attorneys' fees not to exceed 33 1/3% of the Settlement Amount, and reimbursement of expenses not to exceed $60,000, and a compensatory award to Plaintiff not to exceed $7,000.  If Class Counsel applies for awards in the maximum amount referenced, and the Court grants such awards, the total average cost per share would be $0.0137.

**NOTICE AND ADMINISTRATION COSTS:** Subject to the Court's approval, the parties have agreed to deposit $250,000 of the Settlement Amount into a Settlement Notice and Administration Account to cover the costs related to the publication and mailing of Notice to the Class and administration of all claims filed by Class Members.  Any amount expended in excess of $250,000 for Settlement Administration costs must be approved by the Court.

**IDENTIFICATION OF PLAINTIFF'S COUNSEL:** Requests for further information regarding the Action and this Notice may be directed to Class Counsel: Joshua B. Silverman, Esq., Pomerantz LLP, 10 South LaSalle St., Suite 3505, Chicago, IL 60603, 312-377-1181, jbsilverman@pomlaw.com.

## I.     THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of Class Members. The Class consists of:

**All persons and entities that purchased or otherwise acquired Neptune securities on the NASDAQ or another U.S. trading venue between July 24, 2019, and July 15, 2021, both dates inclusive.**

Excluded from the class are Defendants, any former or current officer or director of Neptune, any entity in which any Defendant (alone or in combination with other Defendant(s)) has or had a controlling interest, and any affiliates, family members, legal representatives, heirs, successors, or assigns of any of the persons or entities described in this sentence.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.***

## II.     THE LITIGATION

### Summary

This Action was initiated on March 16, 2021, asserting that Neptune and certain Neptune executives misled investors in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 about: (a) the capability and status of manufacturing facilities Neptune had recently acquired in its purchase of SugarLeaf Labs, LLC; (b) Neptune's capability to fulfill, performance of, and communications with Costco regarding an agreement to provide hand sanitizer to Costco; and (c) a purchase order to supply personal protective equipment in the wake of COVID-19.

By Order dated January 4, 2022, the Court appointed Mr. Rickert as lead plaintiff and approved his selection of Pomerantz LLP as lead counsel ("Class Counsel"). After an extensive investigation, on February 16, 2022, Lead Plaintiff filed an Amended Complaint. Thereafter, the parties filed pre-motion letters pursuant to the Court's rules letters regarding Defendants' anticipated motion to dismiss. On April 12, 2022, the Court granted leave to file the motion to dismiss, which Defendants served on May 25, 2022. On July 8, 2022, Plaintiff served his opposition to Defendants' motion to dismiss. On August 5, 2022, Defendants served their reply brief and filed all briefing on the motion pursuant to the Court's "bundling rule." Defendants' motion to dismiss remained pending at the time of the parties' mediation on October 11, 2022.

### Investigation and Research Conducted by Counsel

Prior to filing the Amended Complaint, Class Counsel performed an extensive investigation into the merits of the Action, including consultation with experts concerning the amount of damages suffered by the Class; interviews of more than a dozen confidential witnesses who previously worked at Neptune and/or SugarLeaf; detailed reviews of all relevant public filings, SEC filings, press releases, and other public statements; review of analyst reports; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto with. Class Counsel has also continued to monitor Neptune's SEC filings, and until mediation continued its private investigation.

**Proposed Settlement**

Class Counsel and Defendants' Counsel participated in protracted negotiations including a full-day mediation before Jed Melnick, Esq., an experienced mediator affiliated with JAMS ADR. During these negotiations, the parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the parties at trial, the risks of collection, and other important factual and legal issues. They also discussed the denial of insurance coverage that made any insurer contribution unlikely.

At the culmination of the mediation, and after multiple follow-up rounds of discussions and negotiations over the ensuing week with the mediator's assistance, the Parties reached an agreement to settle this Action for a cash payment of $1,500,000 and, at Neptune's election, either an additional cash payment of $2,500,000 or Neptune securities valued at $2,750,000, as documented in their agreement in a Memorandum of Understanding executed on October 20, 2022, and further documented in the Stipulation executed on December 6, 2022. Neptune will decide between January 25, 2023, and February 1, 2023, whether it will propose to issue Neptune securities in lieu of the $2,500,000 cash payment. Since Neptune has elected to issue Neptune stock instead of cash, the Parties will jointly request after February 1, 2023, that the Court issue findings necessary to ensure the availability of the exemption from registration under the Securities Act provided by Section 3(a)(10) thereof for the issuance of the shares, which will be included as part of the proposed final judgment to be submitted to the Court (or as part of a separate order incorporated into the final judgment). Class Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date in the action supports the claims asserted therein. Class Counsel assert and believe the Class would present supporting evidence at trial establishing liability. By entering the Settlement, Defendants do not concede the truth of any of the claims against them and continue to deny any wrongdoing.

Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here, as well as the risks of collection. They are also mindful of the inherent problems of proof under the federal securities laws violations asserted in this Action, including the defenses that may be asserted. In light of the foregoing, Class Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on their evaluation, Class Counsel have determined that the Settlement is in the best interests of the Class.

**The Release**

In return for the payment of the Settlement Fund, Class Members who do not file for exclusion from the Class will release, discharge, and dismiss with prejudice all Plaintiff's Released Claims, without costs to any party except as provided herein, upon the Effective Date. Plaintiff and all other Class Members, whether or not any such Person submits a Proof of Claim and Release Form or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge any and all of the Plaintiff's Released Claims.

On the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings asserting Plaintiff's Released Claims in any court of law or equity, arbitration tribunal, or administrative forum. Defendants have also released claims against Plaintiff, Class Counsel, Class Members, and their related persons arising out of the prosecution of this Action.

## III. PROPOSED PLAN OF ALLOCATION

The Settlement consideration and any interest earned thereon shall be the Settlement Fund. If Neptune elects to fund the Settlement in part with common stock, such stock may be sold prior to distribution (but no more than 1/5 per trading day), with all net proceeds delivered to the Settlement Fund. The Settlement Fund less taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proof of Claim and Release Forms ("Authorized Claimants").

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Settlement website, www.NeptuneSecuritiesSettlement.com.

The Settlement Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Settlement Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00 from such second distribution, after payment of the estimated costs

or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Plaintiff's experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS

### General Provisions

1.      There shall be no Recognized Loss attributed to any Neptune securities other than common stock.

2.      ***No reference to the number of shares, share price, or applicable inflation shall be adjusted for any split occurring after the Class Period, including Neptune's June 13, 2022, reverse split.***  The date of a purchase, acquisition, or sale of Neptune securities is the "trade" date, and not the "settlement" date.

3.      The first-in, first-out basis ("FIFO") will be applied to both purchases and sales. For Class Members who held Neptune common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the FIFO method will be applied to such holdings, purchases, and sales for purposes of calculating a claim.  Under the FIFO method, sales of Neptune common stock during the Class Period will be matched, in chronological order, first against Neptune common stock held at the beginning of the Class Period.  The remaining sales of Neptune common stock during the Class Period will then be matched, in chronological order, against Neptune common stock purchased during the Class Period.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Neptune common stock; and the date of a "short sale" is deemed to be the date of sale.  Shares originally sold short will have a Recognized Loss of zero.

5.      The exercise of option contracts into Neptune common stock will be considered to be purchases or sales of Neptune common stock as of the date of the exercise.

6.      No cash payment will be made on a claim where the potential distribution amount is less than $20.00 (Twenty Dollars and Zero Cents).  Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and  judgments   of   the Court in connection with the Settlement, including being barred from asserting any of the Plaintiff's Released Claims.

7.      The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

8.      No Person shall have any claim against Class Counsel, the Settlement Administrator or other agent designated by Class Counsel, Defendants, or Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9.      Class Members who do not submit valid Proof of Claim and Release Forms will not share in the Settlement Proceeds.  Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim and Release Form will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

10.     The Plan of Allocation was created with the assistance of a consulting damages expert which estimated the artificial inflation in the price of Neptune common stock during the Settlement Class Period as reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Neptune common stock during the Settlement Class Period is consistent with the allegations set forth in the operative complaint in this Action and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

| Table 1 | | |
|---|---|---|
| Artificial Inflation in Neptune Common Stock* | | |
| **From** | **To** | **Per Share Price Inflation** |
| July 24, 2019 | February 15, 2021 | $1.29 |
| February 16, 2021 | February 16, 2021 | $0.39 |
| February 17, 2021 | July 15, 2021 | $0.22 |
| July 16, 2021 | Thereafter | $0.00 |

\* For each day during the Settlement Class Period, per-share price inflation shall not exceed the closing price of the stock that day.

11.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in Neptune common stock executed outside of regular trading hours shall be deemed to have occurred during the next regular trading session.

12.     A Recognized Loss will be calculated as set forth below for each purchase or acquisition of Neptune common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

13.     For each share of Neptune common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, July 24, 2019, through July 15, 2021, inclusive), the Recognized Loss per share shall be calculated as follows:

    i.    For each share of Neptune common stock sold prior to February 16, 2021, the Recognized Loss Per share is $0.

    ii.    For each share of Neptune common stock sold during the period February 16, 2021, through July 15, 2021, inclusive, the Recognized Loss per share is the price inflation on the date of purchase/acquisition as provided in Table 1 above, minus the price inflation on the date of sale as provided in Table 1 above.

    iii.    For each share of Neptune common stock sold during the period July 16, 2021, through October 13, 2021, inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        price inflation on the date of purchase/acquisition as provided in Table 1 above; or

        the purchase/acquisition price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

    iv.    For each share of Neptune common stock that was still held as of the close of trading on October 13, 2021, the Recognized Loss per share is *the lesser of*:

        price inflation on the date of purchase/acquisition as provided in Table 1 above; or

        the purchase/acquisition price *minus* the average closing price for Neptune common stock during the 90-Day Lookback Period, which is $0.67.

| Table 2 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 7/16/2021 | $ 0.84 | 8/16/2021 | $ 0.78 | 9/15/2021 | $ 0.71 |
| 7/19/2021 | $ 0.79 | 8/17/2021 | $ 0.77 | 9/16/2021 | $ 0.71 |
| 7/20/2021 | $ 0.80 | 8/18/2021 | $ 0.76 | 9/17/2021 | $ 0.70 |
| 7/21/2021 | $ 0.80 | 8/19/2021 | $ 0.75 | 9/20/2021 | $ 0.70 |
| 7/22/2021 | $ 0.81 | 8/20/2021 | $ 0.75 | 9/21/2021 | $ 0.70 |
| 7/23/2021 | $ 0.80 | 8/23/2021 | $ 0.74 | 9/22/2021 | $ 0.70 |
| 7/26/2021 | $ 0.80 | 8/24/2021 | $ 0.74 | 9/23/2021 | $ 0.69 |
| 7/27/2021 | $ 0.80 | 8/25/2021 | $ 0.74 | 9/24/2021 | $ 0.69 |
| 7/28/2021 | $ 0.80 | 8/26/2021 | $ 0.74 | 9/27/2021 | $ 0.69 |
| 7/29/2021 | $ 0.80 | 8/27/2021 | $ 0.74 | 9/28/2021 | $ 0.69 |
| 7/30/2021 | $ 0.80 | 8/30/2021 | $ 0.74 | 9/29/2021 | $ 0.69 |
| 8/2/2021 | $ 0.80 | 8/31/2021 | $ 0.73 | 9/30/2021 | $ 0.69 |
| 8/3/2021 | $ 0.80 | 9/1/2021 | $ 0.73 | 10/1/2021 | $ 0.69 |

| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 8/4/2021 | $ 0.79 | 9/2/2021 | $ 0.73 | 10/4/2021 | $ 0.68 |
| 8/5/2021 | $ 0.79 | 9/3/2021 | $ 0.73 | 10/5/2021 | $ 0.68 |
| 8/6/2021 | $ 0.80 | 9/7/2021 | $ 0.72 | 10/6/2021 | $ 0.68 |
| 8/9/2021 | $ 0.80 | 9/8/2021 | $ 0.72 | 10/7/2021 | $ 0.68 |
| 8/10/2021 | $ 0.80 | 9/9/2021 | $ 0.72 | 10/8/2021 | $ 0.68 |
| 8/11/2021 | $ 0.80 | 9/10/2021 | $ 0.72 | 10/11/2021 | $ 0.68 |
| 8/12/2021 | $ 0.79 | 9/13/2021 | $ 0.72 | 10/12/2021 | $ 0.67 |
| 8/13/2021 | $ 0.78 | 9/14/2021 | $ 0.71 | 10/13/2021 | $ 0.67 |

## IV.      REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by First-Class Mail, sufficient postage prepaid, a written request for exclusion from the Class, postmarked no later than May 30, 2023, addressed to the Settlement Administrator at:

*Gong v. Neptune Wellness Solutions Inc., et al.*
c/o A.B. Data, Ltd.
Exclusions
P.O. Box 173001
Milwaukee, WI 53217

Such request for exclusion shall be in a form that sufficiently identifies (1) the name, address, phone number, and email contact information (if any) of the person(s) or entity seeking exclusion, (2) a list of all transaction(s) involving Neptune securities during the period from July 24, 2019, through July 15, 2021, including the number of shares, principal amount, and trade date of each purchase and sale; and (3) specifically state that the person(s) "requests to be excluded from the Settlement and Class in *Gong v. Neptune Wellness Solutions Inc., et al.*, No. 2:21-cv-01386-ENV-ARL (E.D.N.Y.)." A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email, or fax.**

In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale of Neptune securities during the Class Period; and (ii) demonstrating the person's status as a beneficial owner of the Neptune securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury.

**If a person or entity who is a member of the Class duly and timely requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all members of the Class who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Plaintiff's Released Claims.

## V.    STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

If the proposed Settlement is approved, Class Counsel intend to apply to the Court for an award of attorneys' fees and reimbursement of expenses from the Settlement Fund. Class Counsel will seek no more than 33 1/3% of the Settlement Fund (including any interest earned thereon) as fees, plus reimbursement for the litigation expenses and costs actually incurred in prosecuting the action not to exceed $60,000.  Class Counsel believe their intended fee request to be fair and reasonable.  Class Counsel have litigated this Action on a wholly contingent basis and have received no compensation during the period the Action has been pending, while expending considerable time and funds during the Action.  Had the Action not been successful, Class Counsel would have sustained a considerable financial loss.

In addition, Class Counsel intend to apply to the Court on behalf of Plaintiff for reimbursement from the Settlement Fund for his reasonable time, costs, and expenses directly relating to their representation of the Class, not to exceed $7,000.

## VI.    THE SETTLEMENT HEARING

The Settlement Hearing shall be held before Magistrate Judge Arlene R. Lindsay, on June 20, 2023, at 11:00 a.m., in Courtroom 810, United States Federal Courthouse, Central Islip, New York 11722, or remotely as the Court shall order, to determine: (1) whether a Class should be certified for purposes of the Settlement and whether Plaintiff and Class Counsel have adequately represented the Class Members; (2) whether the Settlement of the Class's claims for either $4,000,000 cash or $1,500,000 cash plus $2,750,000 worth of Neptune securities, at Neptune's election, should be approved as fair, reasonable, and adequate; (3) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (5) whether the Action should be dismissed with prejudice, as set forth in the Stipulation filed with the Court; (6) whether the application by Class Counsel for an award of attorneys' fees and expenses should be approved; and (7) whether Plaintiff's application for reimbursement of costs and expenses should be granted.

> *The Settlement Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Settlement Hearing or at any adjournment or continuance thereof, or notice on the official docket available for inspection at the Court or via the Court's PACER system.*

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the adequacy of the representation, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for reimbursement of the reasonable time, costs, and expenses of Plaintiff, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney (or via any video platform designated by the Court) at the Settlement Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant.  However, no person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be considered by the Court unless, **no later than May 30, 2023**, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, including a statement specifying whether the objection applies to the objector, to a specific subset of the class, or to the entire class, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section IV herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail, or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| **To Plaintiff:** | **To Defendants:** |
|---|---|
| Joshua B. Silverman<br>POMERANTZ LLP<br>10 South LaSalle Street<br>Suite 3505<br>Chicago, IL 60603<br>jbsilverman@pomlaw.com | Peter A. Stokes<br>NORTON ROSE FULBRIGHT LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, TX 78701-4255<br>peter.stokes@nortonrosefulbright.com |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person or entity may have and shall be barred from raising such objections in this Action or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to Plaintiff will not affect the finality of either the Settlement or the Judgment to be entered pursuant thereto, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Class Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII.    PROOF OF CLAIM AND RELEASE FORM

*To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign, and file a Proof of Claim and Release Form ("Proof of Claim").*  A Proof of Claim is attached to this Notice.  You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must be postmarked on or May 21, 2023**, and addressed to:

*Gong v. Neptune Wellness Solutions Inc., et al.*
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

A Proof of Claim will be deemed filed when mailed via First-Class Mail, sufficient postage prepaid.  Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a release of all Plaintiff's Released Claims as described in Section II, above, by all members of the Class who file Proofs of Claim.  The release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement, and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a member of the Class and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by May 21, 2023, please send it by certified mail, return requested, or its equivalent.  No other formal acknowledgment will be provided.

## VIII.    SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions, and other nominees ("Nominees") who, during the Class Period, purchased, acquired, or sold Neptune securities in the name of the Nominees on behalf of beneficial owners who may be members of the Class, *must* within ten (10) days after you receive this Notice, either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names, email addresses, and physical addresses of such Persons to:

*Gong v. Neptune Wellness Solutions Inc., et al.*
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

The Settlement Administrator will then cause a link to the Notice and Proof of Claim to be emailed, or a Postcard Notice directing such Persons to the website containing the Notice and Proof of Claim to be mailed, promptly to such beneficial owners.

If you choose to email the Notice and Proof of Claim or mail the Postcard Notice yourself, you may obtain from the Settlement Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually

incurred in connection with the foregoing a maximum of <u>$0.05</u> for providing names, addresses, <u>and</u> email addresses to the Settlement Administrator; up to a <u>maximum of $0.05 per Postcard Notice mailed by you, plus postage at the rate used by the Settlement Administrator; or $0.05 per Notice or link to Notice sent by email</u>.  Those expenses will be paid upon request and submission of appropriate supporting documentation.

## IX.    **FURTHER INFORMATION**

This Notice merely provides a brief summary of the Action and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the Action, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action.  You may examine and/or copy the records in the Action, subject to customary copying fees, at the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, at any time it is open to the general public. In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim, and proposed Judgments may be obtained by viewing the website at www.NeptuneSecuritiesSettlement.com, or contacting the Settlement Administrator at:

*Gong v. Neptune Wellness Solutions Inc., et al.*
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

In addition, you may contact Joshua B. Silverman, Esq., Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, (312) 377-1181, jbsilverman@pomlaw.com if you have any questions about the Action or the Settlement.

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated:   March 31, 2023

_____
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# EXHIBIT C

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY,<br><br>  Defendants. | **Case No. 2:21-cv-01386-ENV-ARL**<br><br>**CLASS ACTION**<br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

<u>**PROOF OF CLAIM AND RELEASE FORM**</u>

**Deadline for Submission: May 21, 2023**

IF YOU PURCHASED OR OTHERWISE ACQUIRED NEPTUNE WELLNESS SOLUTIONS INC. ("NEPTUNE") SECURITIES ON THE NASDAQ OR ANOTHER U.S. TRADING VENUE BETWEEN JULY 24, 2019, THROUGH JULY 15, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. EXCLUDED FROM THE CLASS ARE DEFENDANTS, ANY FORMER OR CURRENT OFFICER OR DIRECTOR OF NEPTUNE, ANY ENTITY IN WHICH ANY DEFENDANT (ALONE OR IN COMBINATION WITH OTHER DEFENDANT(S)) HAS OR HAD A CONTROLLING INTEREST, AND ANY AFFILIATES, FAMILY MEMBERS, LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS OF ANY OF THE PERSONS OR ENTITIES DESCRIBED IN THIS SENTENCE.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST-CLASS MAIL, POSTMARKED NO LATER THAN MAY 21, 2023, TO THE SETTLEMENT ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

*Gong v. Neptune Wellness Solutions Inc., et al.*
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

YOUR FAILURE TO SUBMIT THIS PROOF OF CLAIM BY MAY 21, 2023, WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER

YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESS ABOVE. IF YOU ARE A CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

## CLAIMANT'S STATEMENT

1.  I (We) acquired Neptune securities on the NASDAQ or another U.S. trading venue from July 24, 2019, through July 15, 2021, both dates inclusive. (Do not submit this Proof of Claim if you did not acquire Neptune securities during the Class Period.)

2.  By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member(s) as defined above and in the Notice of Pendency and Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (We) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (We) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with the processing of the Proof of Claim.

4.  I (We) have set forth where requested below all relevant information with respect to each acquisition of Neptune securities during the Class Period, and each sale, if any, of such securities. I (We) agree to furnish additional information to the Settlement Administrator to support this claim if requested to do so.

5.  I (We) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each acquisition and sale of Neptune securities listed below between July 24, 2019, and October 13, 2021, inclusive, in support of my (our) claim. It is necessary to provide purchase and sale information through October 13, 2021, even though this is beyond the Class Period, because the federal securities laws require such information in calculating losses. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (We) understand that the information contained in this Proof of Claim is subject to such verification as the Settlement Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Settlement Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Settlement Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  I (We) understand that there shall be no Recognized Loss attributed to any Neptune securities other than common stock. I (We) understand that the exercise of option contracts into Neptune common stock will be considered to be purchases or sales of Neptune common stock as of the date of the exercise.

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto will release, discharge, and dismiss with prejudice all Plaintiff's Released Claims, without costs to any party except as provided herein, upon the Effective Date. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) acknowledge that I (we) and each of my (our) predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators will be deemed by this Settlement on the Effective Date to release and forever discharge any and all of the Plaintiff's Released Claims, as those terms are defined in the Stipulation of Settlement (the "Stipulation").

9.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, her, or their heirs, executors, administrators, predecessors, successors, and assigns) that I (we) will be forever barred

and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings asserting Plaintiff's Released Claims in any court of law or equity, arbitration tribunal, or administrative forum.

10. "Effective Date" has the meaning laid out in the Stipulation.

11. "Recognized Loss" has the meaning laid out in the Plan of Allocation.

12. "Released Claims" has the meaning laid out in the Stipulation.

13. "Released Parties" has the meaning laid out in the Stipulation.

14. "Unknown Claims" has the meaning laid out in the Stipulation.

15. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

16. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Settlement Administrator at *Gong v. Neptune Wellness Solutions Inc., et al.*, c/o A.B. Data, Ltd., P.O. Box 173073, Milwaukee, WI 53217 or by visiting the website www.NeptuneSecuritiesSettlement.com. One spreadsheet may contain the information for multiple Persons and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Proof of Claim, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The transactions and holdings in Neptune securities should be reported in the electronic file so that each resulting Claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one Claim will be processed per Legal Entity (*e.g.*, a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Settlement Class Period, one total holding at the end of the Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed as a single Claim). The Settlement Administrator reserves the right to combine a Legal Entity's accounts into a single Claim prior to processing in the event that a Legal Entity's accounts are divided across multiple Claims when submitted by a Representative Filer. The Settlement Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in Neptune securities to prove and accurately process the Claim.

17. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.NeptuneSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Settlement Administrator prior to filing; you will receive an automated email confirming receipt once your Proof of Claim has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Settlement Administrator toll-free at (877) 254-8530 or visit their website at www.NeptuneSecuritiesSettlement.com. If you are not a Representative Filer, but your claim contains a large number of transactions, the Settlement Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

## I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |

## II. SCHEDULE OF TRANSACTIONS IN NEPTUNE SECURITIES

**FOR ALL OF THE SUBSEQUENT LISTINGS, NO REFERENCE TO THE NUMBER OF SHARES, SHARE PRICE, OR APPLICABLE INFLATION SHALL BE ADJUSTED FOR ANY SPLIT OCCURRING AFTER THE CLASS PERIOD, INCLUDING NEPTUNE'S JUNE 13, 2022, REVERSE SPLIT. THE DATE OF A PURCHASE, ACQUISITION, OR SALE OF NEPTUNE SECURITIES IS THE "TRADE" DATE, AND NOT THE "SETTLEMENT" DATE.**

**Beginning Holdings:**

A. State the total number of shares of Neptune securities held at the close of trading on July 23, 2019 (*must be documented*).  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B. Separately list each and every purchase or acquisition of Neptune securities on the NASDAQ or another U.S. trading venue between July 24, 2019, and October 13, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C.  Separately list each and every sale of Neptune securities between July 24, 2019, and October 13, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of shares of Neptune securities held at the close of trading on October 13, 2021 (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter Taxpayer Identification Number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such Taxpayer Identification Number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## IV. CERTIFICATION

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York, with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Neptune securities during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

QUESTIONS?  CALL (877) 254-8530 OR VISIT WWW.NEPTUNESECURITIESSETTLEMENT.COM.

PAGE 6 OF 7

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT, AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, *e.g.*, beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED NO LATER THAN MAY 21, 2023, AND MUST BE MAILED TO:**

*Gong v. Neptune Wellness Solutions Inc., et al.*
c/o A.B. Data, Ltd.
P.O. Box 173073
Milwaukee, WI 53217

A Proof of Claim received by the Settlement Administrator shall be deemed to have been submitted when postmarked, if mailed by May 21, 2023, and if a postmark is indicated on the envelope, it is mailed first-class, and it is addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Settlement Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Proof of Claim on page 7. If this Proof of Claim is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move or change your address, telephone number, or email address, please submit the new information to the Settlement Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Settlement Administrator may result in the Settlement Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

# EXHIBIT D

# Pomerantz LLP Announces a Notice of Pendency and Settlement of Class Action in Gong v. Neptune Wellness Solutions, Inc., et al.

NEWS PROVIDED BY
**Pomerantz LLP →**
Apr 11, 2023, 10:00 ET

CHICAGO, April 11, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY,,<br><br>Defendants. | Case No. 2:21-cv-01386-ENV-ARL<br><br>**CLASS ACTION**<br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED NEPTUNE WELLNESS SOLUTIONS INC. ("NEPTUNE") SECURITIES ON THE NASDAQ OR ANOTHER U.S. TRADING VENUE BETWEEN JULY 24, 2019, THROUGH JULY 15, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS SUMMARY NOTICE CAREFULLY AND IN ITS ENTIRETY.   PLEASE REVIEW THE NOTICE POSTED AT www.NEPTUNESECURITIESSETTLEMENT.COM FOR ADDITIONAL DETAILS AND INSTRUCTIONS.**

YOU ARE HEREBY NOTIFIED that a hearing will be held in the above-captioned action (the "Action") on June 20, 2023, at 11:00 a.m., before Magistrate Judge Arlene R. Lindsay in Courtroom 810, United States Federal Courthouse, Central Islip, New York 11722 or via Microsoft Teams or some other video platform to determine: (1) whether a Class should be certified for purposes of the Settlement and whether Plaintiff and Lead Counsel have adequately represented the Class Members; (2) whether the Settlement of the Class's claims against Defendants for $4,000,000 in cash or, if Neptune so proposes between January 25, 2023, and February 1, 2023, $1,500,000 cash and $2,750,000 worth of Neptune common stock should be approved as fair, reasonable, and adequate; (3) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (5) whether the Action should be dismissed with prejudice against Defendants, as set forth in the Stipulation filed with the Court; (6) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (7) whether Plaintiff's application for reimbursement of costs and expenses should be granted.

IF YOU PURCHASED OR OTHERWISE ACQUIRED NEPTUNE WELLNESS SOLUTIONS INC. SECURITIES ON THE NASDAQ OR ANOTHER U.S. TRADING VENUE BETWEEN JULY 24, 2019, THROUGH JULY 15, 2021, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim, postmarked or delivered to the Settlement Administrator no later than May 21, 2023.  Your failure to submit your Proof of Claim by May 21, 2023, will subject your

claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of the Action.  If you are a Class Member and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

Copies of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Settlement), a Proof of Claim form, and the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) may be obtained online at www.NeptuneSecuritiesSettlement.com or from the Settlement Administrator at:

*Gong v. Neptune Wellness Solutions Inc., et al.*

c/o A.B. Data, Ltd.

P.O. Box 173001

Milwaukee, WI 53217

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of Court.  Inquiries may also be made to Lead Counsel:

Joshua B. Silverman, Esq.

Pomerantz LLP

10 S. LaSalle St., Ste. 3505

Chicago, IL 60603

Telephone: (312) 377-1181

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN MAY 30, 2023, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL CLASS MEMBERS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE JUDGMENTS ENTERED IN THE ACTION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, ANY REQUEST FOR AN AWARD OF ATTORNEYS FEES AND EXPENSES, OR ANY REQUEST FOR A COMPENSATORY AWARD TO LEAD PLAINTIFF BY MAY 30, 2023, IN

THE MANNER AND FORM EXPLAINED IN THE NOTICE.

Dated:   April 11, 2023

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

Source:

Pomerantz LLP

SOURCE Pomerantz LLP