**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>        v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY<br><br>                        Defendants. | **Case No. 2:21-cv-01386-ENV-ARL**<br><br>**CLASS ACTION**<br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF (1) UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND (2) UNOPPOSED MOTION
FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
LITIGATION EXPENSES, AND COMPENSATORY AWARD FOR PLAINTIFF**

## TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

I.    THE CLAIMS ADMINISTRATOR PROVIDED NOTICE OF THE SETTLEMENT TO POTENTIAL CLASS MEMBERS .................................................................. 2

II.   THE LIMITED OBJECTION AND EXCLUSIONS STRONGLY SUPPORTS FINAL APPROVAL ................................................................................................. 2

III.  STOCK ISSUED TO THE SETTLEMENT FUND MEETS SECTION 3(a)(10) ............ 4

IV.   CONCLUSION ................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Amplidyne, Inc.*,
No. CIV.A. 99-4468 (MLC), 2001 WL 34885324 (D.N.J. Aug. 15, 2001) ..............................5

*Chapel Invs., Inc. v. Cherubim Ints., Inc.*,
177 F. Supp. 3d 981 (N.D. Tex. 2016) ...................................................................................5

*City of Providence v. Aeropostale, Inc.*,
2014 WL 1883494 (S.D.N.Y. May 9, 2014) ........................................................................2, 3

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
909 F. Supp. 2d 259 (S.D.N.Y. 2012).....................................................................................3

*In re Glob. Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ............................................................................................4

*In re MetLife Demutualization Litig.*,
689 F. Supp. 2d 297 (E.D.N.Y. 2010) ..................................................................................3, 4

*In re Rite Aid Corp. Sec. Litig.*,
No. 2:99-CV-1349 SD, 2001 WL 35963382 (E.D. Pa. Aug. 16, 2001) ...................................5

*In re Tripath Tech., Inc., Sec. Litig.*,
No. C 04 4681 SBA, 2006 WL 1009228 (N.D. Cal. Apr. 18, 2006)........................................5

*Oceana Capitol Grp. Ltd. v. Red Giant Ent., Inc.*,
150 F. Supp. 3d 1219 (D. Nev. 2015)......................................................................................5

*Rodriquez v. It's Just Lunch Int'l*,
2020 WL 1030983 (S.D.N.Y. Mar. 2, 2020) ........................................................................3, 4

*Sabby Volatility Warrant Master Fund Ltd. v. Kiromic Biopharma, Inc.*,
2022 WL 16626898 (S.D.N.Y. Nov. 2, 2022).......................................................................4, 5

*YA II PN, Ltd. v. Taronis Techs., Inc.*,
435 F. Supp. 3d 622 (S.D.N.Y. 2020).......................................................................................4

**Statutes**

Section 3(a)(10) of the Securities Act of 1933 .....................................................................1, 4, 5

**Additional References**

U.S. Securities and Exchange Commission Staff Legal Bull. No. 3a (Cf), Release No. SLB -3A

(June 18, 2008)..................................................................................................................4

Lead Plaintiff Kenneth Rickert ("Lead Plaintiff") respectfully submits this reply memorandum of law in support of the (1) Unopposed Motion for Final Approval of Class Action Settlement (ECF 62); and (2) Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Award for Plaintiff (ECF 63).

The Court-ordered May 30, 2023 deadline for Settlement Class Members[1] to request exclusion from the Settlement or object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, proposed attorneys' fees and expenses, and/or proposed compensatory award to Lead Plaintiff has lapsed. As of this filing, over 3,000 investors have filed proofs of claim seeking to participate in the Settlement, one anonymous person who may or may not be a Settlement Class Member has objected, and two exclusion requests have been received. *See* Supplemental Declaration of Eric A. Nordskog Regarding: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Supp. Nordskog Decl."), attached as **Exhibit A**.[2] Further, as outlined in Lead Plaintiff's memorandum in support of final approval, the $2,750,000 worth of Neptune stock issued as part of the Settlement qualifies as exempt from registration under Section 3(a)(10) of the Securities Act of 1933. *See* ECF 62-1 at 19-20.

Accordingly, the Settlement Class Members' reaction to the proposed Settlement, Plan of Allocation, proposed attorneys' fees and expenses, and proposed compensatory award to Lead

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement dated December 6, 2022 ("Settlement" or "Stipulation") (ECF 57-2).

[2] Although the Settlement Class includes only those who purchased their Neptune securities on the NASDAQ or another U.S. trading venue, Lead Plaintiff received one exclusion request from an investor who appears to have purchased her Neptune securities on a Canadian trading venue, and thus would not have been a member of the Settlement Class, irrespective of her request. *See* Supp. Nordskog Decl. ¶7, Exh. 1. Nevertheless, out of an abundance of caution, Lead Plaintiff recommends that the Court give effect to the investor's request and exclude her from the Settlement Class.

Plaintiff strongly supports entering the [Proposed] Order of Final Judgment attached hereto as **Exhibit B**.

**I.      THE CLAIMS ADMINISTRATOR PROVIDED NOTICE OF THE SETTLEMENT TO POTENTIAL CLASS MEMBERS**

The Claims Administrator, A.B. Data Ltd. ("A.B. Data") initially mailed the Postcard Notice or e-mailed a link to the Notice and Proof of Claim to 34,471 potential Settlement Class Members. *See* ECF 64-2, ¶8.  Since Lead Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement on May 23, 2023, 29,529 additional Postcard Notices were mailed or additional links of the Notice and Proof of Claim were e-mailed.  *See* Supp. Nordskog Decl. ¶3. In total, 64,000 potential Settlement Class Members were notified of the Settlement either by mail or e-mail.  *Id*. at ¶4.

On April 11, 2023, A.B. Data disseminated the Summary Notice electronically over *PR Newswire*.  *See* ECF 64-2, ¶9.  A.B. Data also established a website dedicated to the Settlement which included the online claim filing link, case deadlines, and important documents such as the Notice, the Preliminary Approval Order, and the Stipulation.  *See* Supp. Nordskog Decl. ¶6. Further, A.B. Data has maintained a toll-free telephone number for potential Settlement Class Members.  *Id*. at ¶5.  This plan of notice cast a broad net to ensure that any potential Settlement Class Member had the opportunity to learn about and participate in the Settlement.

The May 21, 2023 claims filing deadline and the May 30, 2023 deadline for objections and requests for exclusions have passed.  To date, there has been only one anonymous objection and two requests for exclusion from the Settlement.  *Id*. at ¶¶7-9.

**II.     THE LIMITED OBJECTION AND EXCLUSIONS STRONGLY SUPPORTS FINAL APPROVAL**

"The reaction of the Class to the Settlement is a significant factor in assessing its fairness

2

and adequacy, and the absence of objections may itself be taken as evidencing the fairness of a settlement." *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at \*5 (S.D.N.Y. May 9, 2014); *see also In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012). Here, after completing a robust notice program that included disseminating notice of the Settlement to 64,000 potential Settlement Class Members, publishing Summary Notice on a widely-distributed, business-oriented newswire, and hosting a comprehensive settlement website containing all Notice and Settlement-related materials, only one anonymous objection has been filed and two requests for exclusion from the Settlement have been received. *See* Supp. Nordskog Decl. ¶¶7-9. The anonymous objection, which was addressed in Lead Plaintiff's Memorandum of Law in Support of Unopposed Motion for Final Approval of Class Action Settlement (*see* ECF 62-1 at 11), declined to provide the objector's name, contact information, or transactions. *Id.* Lead Plaintiff has been unable to find any further information about the objector and cannot ascertain whether the objector is an actual Settlement Class Member. At any rate, the objection demonstrates no deficiency with the Settlement, Plan of Allocation, or requests for attorneys' fees and reimbursement of expenses.

The two exclusions likewise do not identify any substantive concerns. Both involved relatively small share amounts, and one appears to primarily involve purchases on Canadian exchanges which would not be included in this Action. Nonetheless, Lead Plaintiff and Counsel believe that the exclusions should be given effect, and have identified the two parties seeking exclusion on the exclusion list appended to the [Proposed] Order of Final Judgment.

The exceptionally low number of objections and exclusions is strong evidence of the fairness, reasonableness, and adequacy of the Settlement. *See, e.g.*, *Rodriquez v. It's Just Lunch Int'l*, 2020 WL 1030983, at \*4–5 (S.D.N.Y. Mar. 2, 2020); *In re MetLife Demutualization Litig.*,

3

689 F. Supp. 2d 297, 333 (E.D.N.Y. 2010) (collecting cases); *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 457 (S.D.N.Y. 2004).  And, that no objection took issue with the proposed fee request, expense reimbursement request, or compensatory award to Lead Plaintiff, strongly favors granting those requests.  *See Rodriquez*, 2020 WL 1030983, at *11 (awarding the requested 31.5% in attorneys' fees over two objections, noting that "the relatively low number of objections weighs in favor of approving the attorneys' requested fees as reasonable").

### III.    STOCK ISSUED TO THE SETTLEMENT FUND MEETS SECTION 3(a)(10)

In addition to the $1,500,000 cash that has already been transferred to the Settlement Fund, the Settlement calls for $2,750,000 worth of Neptune stock to be issued to the Settlement Fund thirty-one (31) days after final approval.  ECF 57-2 at 12.  That stock is to be issued pursuant to an exemption from registration under Section 3(a)(10) of the Securities Act of 1933.  It will not be considered "restricted" stock and may later be sold with the proceeds delivered to the Settlement Fund.  However, the Stipulation provides certain contractual limits on the amount of shares that can be sold each day to maintain orderly markets.  ECF 57-2 at 12-13.

As outlined in Lead Plaintiff's opening brief, all three Section 3(a)(10) requirements are satisfied here.  *See* ECF 62-1 at 19-20.  The Settlement (1) provides for the issuance of securities as part of a settlement to extinguish bona fide claims; (2) provides for a fairness hearing for Neptune and all Settlement Class Members to attend; and (3) contains terms and conditions that are fair and represents a negotiated agreement between sophisticated parties. *See Sabby Volatility Warrant Master Fund Ltd. v. Kiromic Biopharma, Inc.*, 2022 WL 16626898, at *2 (S.D.N.Y. Nov. 2, 2022); U.S. Securities and Exchange Commission Staff Legal Bull. No. 3a (Cf), Release No. SLB -3A (June 18, 2008).  Courts both inside and outside of the Second Circuit have found that similar settlements have met all the requirements to qualify for the exemption from registration

4

under Section 3(a)(10) of the Securities Act of 1933.  *See, e.g.*, *Sabby*, 2022 WL 16626898, at \*2;

*YA II PN, Ltd. v. Taronis Techs., Inc.*, 435 F. Supp. 3d 622, 625–26 (S.D.N.Y. 2020); *Chapel Invs.,*

*Inc. v. Cherubim Ints., Inc.*, 177 F. Supp. 3d 981, 986–91 (N.D. Tex. 2016); *Oceana Capitol Grp.*

*Ltd. v. Red Giant Ent., Inc.*, 150 F. Supp. 3d 1219, 1223 (D. Nev. 2015) (collecting cases); *In re*

*Tripath Tech., Inc., Sec. Litig.*, No. C 04 4681 SBA, 2006 WL 1009228, at \*2 (N.D. Cal. Apr. 18,

2006); *In re Rite Aid Corp. Sec. Litig.*, No. 2:99-CV-1349 SD, 2001 WL 35963382, at \*2 (E.D.

Pa. Aug. 16, 2001); *Adams v. Amplidyne, Inc.*, No. CIV.A. 99-4468 (MLC), 2001 WL 34885324,

at \*2 (D.N.J. Aug. 15, 2001).

The [Proposed] Order of Final Judgment attached hereto as **Exhibit B** contains a finding

that the requirements for Section 3(a)(10) of the Securities Act of 1933 are satisfied, which Lead

Plaintiff understands is necessary for issuance.  *See* **Exhibit B** at ¶11.[3]  Thus, Lead Plaintiff

respectfully requests that the Court find that Settlement qualifies for the Section 3(a)(10)

exemption.

## IV.  CONCLUSION

For the foregoing reasons, and those in the Unopposed Motion for Final Approval of Class

Action Settlement and the Unopposed Motion for an Award of Attorneys' Fees, Reimbursement

of Litigation Expenses, and Compensatory Award for Plaintiff, Lead Plaintiff respectfully requests

that the Court enter [Proposed] Order of Final Judgment submitted herewith as **Exhibit B**.

Dated:  July 11, 2023                                      Respectfully submitted,

                                                                          **POMERANTZ LLP**

                                                                          */s/ Christopher P.T. Tourek*

---

[3] Paragraph 11 of the [Proposed] Order of Final Judgment attached hereto as **Exhibit B** contains more detailed language regarding the Section 3(a)(10) elements than the originally proposed Order of Final Judgment.  Lead Plaintiff respectfully requests that the Court enter the attached proposed Order rather than the originally proposed Order.

Christopher P.T. Tourek (admitted *pro hac vice*)
Joshua B. Silverman (admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
E-mail: jbsilverman@pomlaw.com
        ctourek@pomlaw.com

        -and-

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
        ahood@pomlaw.com

*Attorneys for Lead Plaintiff Kenneth Rickert*

6

**CERTIFICATE OF SERVICE**

On July 11, 2023, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Christopher P.T. Tourek
Christopher P.T. Tourek