# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW, and MARTIN LANDRY <br><br> Defendants. | **Case No. 2:21-cv-01386-ENV-ARL** <br><br> **CLASS ACTION** <br><br> Hon. Eric N. Vitaliano <br> Hon. Arlene R. Lindsay |

**[PROPOSED] FINAL APPROVAL ORDER**

On the 18th day of July, 2023 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated December 6, 2022 ("Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class in this Action, including the release of Plaintiff's Released Claims and Defendants' Released Claims, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award attorneys' fees to Class Counsel; (5) whether and in what amount to award Class Counsel reimbursement of litigation expenses; and (6) whether and in what amount to award compensation to Lead Plaintiff.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiff's Motion for Preliminary Approval of Class Action

Settlement, dated March 16, 2023 ("Preliminary Approval Order") was published; the Mailed Notice and Proof of Claim were mailed or emailed to all reasonably identifiable Class Members, and the Notice, Proof of Claim, and other settlement documents were posted to the Settlement website; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.     This Final Approval Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.     The Court has jurisdiction over the subject matter of the Action.

3.     The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a)     the number of Class Members is so numerous that joinder of all members thereof is impracticable;

(b)     there are questions of law and fact common to the Class;

(c)     the claims of Plaintiff are typical of the claims of the Class he seeks to represent;

(d)     Plaintiff and Class Counsel fairly and adequately represent the interests of the Class;

(e)     questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

2

i.      the interests of Class Members in individually controlling the prosecution of the separate actions;

ii.      the extent and nature of any litigation concerning the controversy already commenced by Class Members;

iii.      the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

iv.      the difficulties likely to be encountered in the management of the class action.

The Class is being certified for settlement purposes only.

4.      The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby certified as a class action on behalf of all persons and entities that purchased or otherwise acquired Neptune Wellness Solutions, Inc. ("Neptune") securities on the NASDAQ or another U.S. trading venue between July 24, 2019, and July 15, 2021, both dates inclusive (the "Class Period").  Excluded from the class are Defendants, any former or current officer or director of Neptune, any entity in which any defendant (alone or in combination with other defendant(s)) has or had a controlling interest, and any affiliates, family members, legal representatives, heirs, successors, or assigns of any of the persons or entities described in this sentence.  Also excluded are those Class members who have timely and validly excluded themselves from the Class in accordance with the requirements set forth in the Mailed Notice and Preliminary Approval Order, as listed on Exhibit A hereto.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Class and Class Counsel previously selected by him and appointed by the Court is hereby appointed as counsel for the Class.

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice.  No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Class Members are bound by this Final Approval Order except those Persons listed on Exhibit A hereto.

7.      The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Class.  This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Plaintiff, Class Members, and

4

Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action and all claims contained therein, as well as all of Plaintiff's Released Claims, are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. The Court orders that:

(a) In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution, equitable indemnity, or any claims however designated that seek equivalent relief are hereby permanently barred and discharged if the claim or claims: (1) arise out of the Action or any Plaintiff's Released Claim; and (2) are filed by any Person against Defendants; except that Defendants expressly reserve the right to seek contribution, equitable indemnity, or any claim seeking equivalent relief against any Person whose liability has been extinguished by the Settlement.

(b) Any and all Class Members and other Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any of the Plaintiff's Released Claims, however styled, (hereafter the "Complete Bar Order"). All such claims are hereby extinguished, discharged, satisfied, and unenforceable.

(c) If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Plaintiff's Released Claim.

5

(d)     Notwithstanding the Complete Bar Order or anything else in the Stipulation, nothing shall release, interfere with, limit, or bar the assertion by any Defendant of any claim for or defense to the availability of insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action, except as limited by the insurance agreement.

10.     Plaintiff and Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether such person submits a Proof of Claim or obtains any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiff's Released Claims. Plaintiff and Class Members shall be deemed to have, and by operation of this Order shall have, covenanted not to sue with respect to any and all Plaintiff's Released Claims in any forum and in any capacity. Plaintiff and Class Members shall be and hereby are permanently barred and enjoined from commencing or prosecuting any Plaintiff's Released Claim in any forum or capacity. Defendants, on behalf of themselves, their successors and assigns, and any other persons claiming (now or in the future) through or on behalf of him, similarly release and are permanently barred and enjoined from pursuing Defendants' Released Claims. Nothing contained herein shall, however, bar Plaintiff or Defendants from bringing any action or claim to enforce the terms of the Stipulation or this Final Approval Order.

11.     The stock to be issued by Neptune as part of the Settlement qualifies for the exemption under Section 3(a)(10) of the Securities Act of 1933. The stock constitutes partial consideration for resolving a bona fide dispute, and the Court has approved the exchange as fair after a hearing in which the parties involved had the opportunity to be heard. Such shares shall

6

not bear a restricted legend and may be resold subject to the contractual limitations set forth in the Stipulation. *See, generally, YA II PN, Ltd. v. Taronis Techs., Inc.*, 435 F. Supp. 3d 622, 626 ("Because the Court approves the exchange as fair, the shares can be resold immediately as unrestricted and freely tradeable exempted securities pursuant to Section 3(a)(10).") (quotation and citation omitted); *Oceana Capitol Grp. Ltd. v. Red Giant Ent., Inc.*, 150 F. Supp. 3d 1219, 1223 (D. Nev. 2015) (collecting cases).

12.    The Clerk of this Court shall enter Judgment dismissing this Action with prejudice.

13.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Settlement Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

14.    The Court awards fees to Class Counsel of _____% of the cash contributed and stock to be contributed to the Net Settlement Fund (and any interest thereon), and reimbursement of expenses to Class Counsel in the amount of $_____, all to be paid from the Settlement Fund. The Court also awards Lead Plaintiff a compensatory award in the amount of $_____, also to be paid from the Settlement Fund.

15.    The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

16.    Neither this Order, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)      is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of Plaintiff's Released Claims, the truth or falsity of any fact alleged by Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants;

(b)      is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

(c)      is or may be deemed to be or shall be used, offered, or received against Plaintiff or Defendants as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiff or the Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)      is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Plaintiff or Defendants that any claim is with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

17.     This Order may be filed in any other action that may be brought with respect to any of Plaintiff's Released Claims or Defendants' Released Claims to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Parties may file the Stipulation and/or this Order in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order.

18.     Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

19.     Without affecting the finality of this Order in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

20.     Without further order of the Court, Defendants and Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.     The finality of this Order is not contingent on rulings that the Court may make on any application in the Action for fees or expenses to Class Counsel, or compensatory awards to Lead Plaintiff.

22.     If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order shall be null and void, of no further force or effect,

9

and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to October 10, 2022, pursuant to the terms of the Stipulation.

Dated: _____, 2023


_____
Hon. Arlene R. Lindsay
UNITED STATES MAGISTRATE DISTRICT JUDGE

10