**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>                       Plaintiff,<br><br>       v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., *et al.*,<br><br>                    Defendants. | No. 2:21-cv-01386-ENV (AKT) |

## DEFENDANTS' REPLY TO LATE-FILED OBJECTIONS

Defendants respond briefly to the last-minute letters from Bijoy Gajjar , Shohaib K. Sumar, and C. Helia dated July 17, 2023, and PMGSL Holdings dated July 14, 2023, as follows.

*First*, Neptune has successfully filed its Form 10-K for the fiscal year ending March 31, 2023. (*See* Ex. 1 to Declaration of Peter A. Stokes ("Stokes Decl.").) The Form 10-K reflects that Neptune remains operational but lacks sufficient cash to pay a $2.5 million cash payment. (*See id.*, page 67 of pdf.) The settlement expressly permits Neptune to make the remaining settlement payment in stock precisely because of Neptune's ongoing cash shortage. Neptune submits that allowing it to complete the settlement payment in stock is in Neptune's best interests and provides Neptune and its stockholders the best opportunity by far to eliminate the overhang created by this lawsuit and to allow Neptune a chance to create value for stockholders going forward. By contrast, delaying or denying approval will leave this overhang in place and make it significantly more difficult for Neptune to raise the funds necessary for it to continue operating.

*Second*, while the late-submitted purported objections assert that Neptune should not issue stock in light of the $0.16 trading price, the stock has closed under $0.20 per share every day since May 25, 2023 (when it reached a mid-day low of $0.11 per share), had already reached a low of

$0.22 per share on May 11, 2023, and has closed at $0.16 per share many times since June 21, 2023. (*See* Ex. 2 to Stokes Decl., Stock Price Chart.) The low stock price is not a sudden phenomenon, but has existed since the time period when objections were due. It does not provide grounds for excusing the purported objectors from the objection deadlines or allowing last-minute objections, nor does it change the fact that approving the stock-based settlement payment is in Neptune's best interests and provides Neptune the best opportunity to remain operational.

*Third*, the two joint purported objectors (Gajjar and Sumar) admittedly supported the settlement and submitted claims during the period before objections were due (when, again, the stock price was already trading at similar prices as it is now). Sumar moreover bought 250,000 additional shares on May 11, 2023, after the stock price had fallen to $0.24 per share. (*See* Ex. 4, page 3 of pdf.) The Court again should not permit these purported objectors to change their position on the eve of the hearing just because the stock price remains at approximately $0.16 per share.[1]

*Fourth*, with respect to the letter from PMGSL Holdings, Neptune's counsel was told by Plaintiff's settlement administrator that a notice of settlement was sent to PMGSL In addition, PMGSL admitted in their letter that they have known of the settlement since at least June 9, 2023. There is again no justification for allowing objections immediately before the hearing from a party that has known of the settlement for at least a month. Neptune moreover disclosed the existence of the arbitration in its prior quarterly Form 10-Q filings. (*See, e.g.*, Ex. 5, March 31, 2023 Form 10-Q, page 19 of pdf.) The fact that a resolution or decision could occur in that matter some time in the future provides no basis for delaying approval of the settlement. Any delay again would negatively impact Neptune's ability to remain operational given the overhang created by this suit.

---

[1] Likewise, the fact that Neptune raised $4 million through a dilutive offering in May was expressly disclosed on May 11, 2023, well before objections were due. (*See* Ex. 3 to Stokes Decl.)

In sum, none of these untimely purported objections changes the calculus with respect to settlement approval. Neptune's financial struggles are well known and have been disclosed repeatedly, quarter after quarter. That is why the settlement stipulation specifically allows it to fund the balance of the settlement consideration through stock. Neptune does not have the funds to pay the remainder of the settlement payment through cash. Further, none of the last-minute purported objections raise any specific allegations suggesting that Plaintiff could have actually prevailed on a securities fraud claim if the case is not settled. The securities laws are not an insurance policy against investments that lose value, or even against mismanagement, but instead only allow recovery of damages caused by alleged fraudulent disclosures made with scienter. While Neptune regrets that the significant stock price losses giving rise to this lawsuit occurred, nothing in the purported objections suggests that the class has any reasonable likelihood of recovering anything (and certainly not more than the proposed settlement payment) if the case were litigated. As reflected in Plaintiff's motion for approval, the overwhelming majority of class members have ***not*** objected. Neptune submits that the settlement remains in the best interests of Neptune and its stockholders, and that delaying approval of the settlement on account of these last-minute objections would make it significantly more difficult for Neptune to remain operational.

Accordingly, Neptune requests that the Court approve the settlement.

Dated July 18, 2023

**NORTON ROSE FULBRIGHT US LLP**     **NORTON ROSE FULBRIGHT US LLP**

*/s/ Peter A. Stokes*                               Seth Kruglak
Peter A. Stokes (*pro hac vice*)               1301 Avenue of the Americas
98 San Jacinto Boulevard, Suite 1100      New York, New York 10019
Austin, Texas 78701-4255                       Tel: (212) 318-3350
Telephone:  (512) 536-5287                     Fax: (212) 318 3400
Facsimile:   (512) 536-4598                      seth.kruglak@nortonrosefulbright.com
peter.stokes@nortonrosefulbright.com

*Attorneys for Defendants*