UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARVIN GONG *Individually and on Behalf of All Others Similarly Situated,*

                              Plaintiff,

          -against-

NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, MARIO PARADIS, CLAUDIE LAUZON and TONI RINOW,

                              Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21-1386 (ENV) (ARL)

**LINDSAY, Magistrate Judge:**

      Before the Court, on referral from District Judge Vitaliano, is the plaintiffs' Motion for Final Approval of the Proposed Class Settlement and lead counsel's Motion for Fees and Costs. The defendants join in the plaintiffs' request that the Court grant final approval of the proposed class settlement. For the reasons set forth herein and on the record at today's fairness hearing, the undersigned respectfully recommends that the motions of the plaintiffs and lead counsel be granted.

      On October 20, 2022, after more than a year and a half of litigation, the parties reached a settlement in principle. On December 6, 2022, the parties filed a Joint Motion for Preliminary Approval of the Settlement Agreement and Release, which was approved by the undersigned on March 16, 2023. Consistent with that order, District Judge Vitaliano also entered an Order dated March 20, 2023, granting preliminary approval of the proposed settlement of this putative securities class action, certifying the proposed class for purposes of the settlement, and approving the form and manner of notice of the proposed settlement to the class. In that order, District Judge Vitaliano also referred the final settlement hearing to the undersigned.

On May 23, 2023, the plaintiffs filed an Unopposed Motion for Final Approval of the Class Action Settlement (the "Motion for Final Approval"). ECF No. 62. The plaintiffs also filed an Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and for a Compensatory Award for the Lead Plaintiff (the "Motion for Attorneys' Fees"). ECF No. 63. The Court held a fairness hearing today to determine: (1) whether the terms and conditions of the settlement that provide for a $4.25 million cash-and-stock-based settlement and release of the parties' claims are fair, reasonable, and adequate for the settlement of all claims asserted by the class in this action; (2) whether judgment should be entered dismissing this case with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among class members; (4) whether and in what amount to award attorneys' fees to lead counsel; (5) whether and in what amount to award lead counsel reimbursement of litigation expenses; and (6) whether and in what amount to award compensation to the lead plaintiff.

Although no class member appeared at the hearing, on May 8, 2023, the Court did receive a letter from an unnamed investor allegedly speaking on behalf of an investment group. In addition, the Court received three last-minute letters, outside of the objection period, from Bijoy Gajjar, Shohaib K. Sumar and C. Helia, and from PMGSL Holdings, which were nonetheless discussed at length during the hearing. Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, along with all supporting documents, the objection letters and the oral arguments presented at today's fairness hearing, the undersigned finds that the settlement is fair, reasonable and adequate in all respects and that it should be binding on class members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.

Specifically, the Court finds that the settlement is rationally related to the strength of the plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations, one mediation session and only after experienced counsel had evaluated the merits of the plaintiffs' claims through factual and legal investigation. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005). The undersigned also finds that the settlement is substantively fair under the framework set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). As discussed in greater detail on the record, all of the factors set forth in *Grinnell* weigh in favor of final approval. In particular, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the minimal number of objections - only 3 of 3004 people who submitted proofs of claim objected; (3) the stage of the proceedings and the amount of investigation conducted; (4) the risks of establishing liability and damages; (5) the risks of maintaining the class action through the trial; (6) the ability of the defendants to withstand a greater judgment given their reported financial health; and (7) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. Finally, the undersigned also finds that the proposed plan of allocation, which is on a pro rata basis based on the relative size of their recognized claims, is reasonable.

The undersigned also recommends that the plaintiffs' Motion for Attorneys' Fees be granted and that the plaintiffs' counsel be awarded attorneys' fees equaling one-third (33 1/3%) of the Settlement Fund plus accrued interest; costs amounting to $55,012.88; and that lead plaintiff Kenneth Rickert be awarded $7,000. The undersigned finds the request to be fair and reasonable based on: (A) the number of hours worked by lead counsel during the litigation; (B)

the results achieved on behalf of the class; (C) the contingent nature of the lead counsel's representation; (D) the complexity of the issues raised by the litigation; (E) a lodestar cross check; and (F) lead counsel's recognized experience and expertise in the market.

In sum, for the reasons stated on the record, and for good cause shown, the undersigned respectfully recommends that the proposed order annexed to the plaintiffs' reply (ECF No. 65-2) be adopted and entered by the Court.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.,* No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
       July 18, 2023

                                                                   /s/
                                          ARLENE R. LINDSAY
                                          United States Magistrate Judge