**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>    v.<br><br>NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY<br><br>          Defendants. | **Case No. 2:21-cv-01386-ENV-ARL**<br><br>**CLASS ACTION**<br><br>Hon. Eric N. Vitaliano<br>Hon. Arlene R. Lindsay |

**LEAD PLAINTIFF'S REPLY TO LETTER SENT BY CONFLICTED INVESTORS**

Lead Plaintiff and Class Representative Kenneth Rickert ("Plaintiff"), through his attorneys, replies to the letter sent by conflicted investors Bijoy Gajjar and Charulataa Helia Gajjar ("Conflicted Investors"), as follows:

This Action involves discrete acts of alleged securities fraud between July 24, 2019, and July 15, 2021. It asserts no wrongdoing following July 15, 2021, and has nothing whatsoever to do with Neptune's current operations or governance. The Settlement favorably resolves the claims asserted, providing what Plaintiff believes is the best recovery possible from a very distressed company: $1.5 million in cash, and $2.75 million in stock, to be valued by the same valuation process (minimum price formula) utilized by NASDAQ, where Neptune is listed.

Conflicted Investors, a married couple, do not dispute that the Settlement is favorable, or that Magistrate Judge Lindsay correctly determined the Settlement to be fair, reasonable, and adequate, consistent with the standards of Fed. R. Civ. P. 23. Notably, each has submitted a claim to participate in the Settlement. At the Fairness Hearing, Magistrate Judge Lindsay thoroughly

1

addressed their letters to the Court and expressed concerns about their conflict of interest.  *See* Tr. of July 18, 2023 Hearing, ECF No. 75, at 6:24-11:20, 33:18-34:12.

Conflicted Investors, who told counsel they would appear at the Fairness Hearing to explain their position to Magistrate Judge Lindsay, chose not to.  Instead, they now write a letter to the Court that identifies no infirmity in the Settlement, but nonetheless asks that this Court delay relief to Class Members so that Conflicted Investors can extract information that they believe would be valuable to themselves as ***current*** investors in Neptune.  Specifically, Conflicted Investors want the Company to tell them detailed information about the Company's ***current*** plans to address NASDAQ listing requirements and its ***current*** understanding of rumors about naked short sales.  *See* ECF No. 76.[1]  Neither issue has anything to do with the subject matter of this Action or Class Period events.

Conflicted Investors' attempt to hijack these approval proceedings to advance their own agenda is wholly improper.  If anything, it shows why the Settlement must be promptly and finally approved.  The Company is in a precarious financial position, and delay could jeopardize any chance to monetize the $2.75 million stock component of the Settlement.  Accordingly, Plaintiff respectfully requests that this Court promptly adopt Magistrate Judge Lindsay's Report and Recommendation, ECF No. 72, in its entirety, and enter the proposed final approval order

---

[1] Conflicted Investors' factual assertions to this Court about these issues are frivolous.  The Company has made abundantly clear that it is under severe financial distress and promptly disclosed that it had received a letter from the NASDAQ indicating it would have to increase stockholders' equity to maintain a NASDAQ listing.  *See* https://finance.yahoo.com/news/neptune-announces-receipt-nasdaq-notification-200000918.html.  The Company further disclosed that it has until September 5, 2023, to submit a plan to NASDAQ to regain compliance, and intends to do so.  *Id*.  Conflicted Investors' wild speculation about naked short selling is even more flimsy.  They present no evidence whatsoever of naked shorting in Neptune, and the entire short position in Neptune is so small that any short activity would be insignificant.  *See* https://www.nasdaq.com/market-activity/stocks/nept/short-interest (listing total short interest at 216,384 shares, or approximately $25,000 worth of stock at recent prices).

previously filed as ECF No. 65-2, with the blank spaces in paragraph 14 of the proposed order filled in to reflect the 33 1/3% percentage, $55,012.88 cost award, and $7,000 incentive award recommended on page 3 of the Report and Recommendation.

Dated:  August 2, 2023                          Respectfully submitted,

                                                **POMERANTZ LLP**

                                                */s/ Christopher P.T. Tourek*
                                                Christopher P.T. Tourek (admitted *pro hac vice*)

                                                Joshua B. Silverman (admitted *pro hac vice*)
                                                Ten South La Salle Street, Suite 3505
                                                Chicago, Illinois 60603
                                                Telephone: (312) 377-1181
                                                Facsimile: (312) 377-1184
                                                E-mail: jbsilverman@pomlaw.com
                                                         ctourek@pomlaw.com

                                                         -and-

                                                Jeremy A. Lieberman
                                                J. Alexander Hood II
                                                600 Third Avenue, 20th Floor
                                                New York, New York 10016
                                                Telephone: (212) 661-1100
                                                Facsimile: (212) 661-8665
                                                Email: jalieberman@pomlaw.com
                                                         ahood@pomlaw.com

                                                *Attorneys for Lead Plaintiff Kenneth Rickert*

3

## <u>CERTIFICATE OF SERVICE</u>

On August 2, 2023, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Christopher P.T. Tourek*
Christopher P.T. Tourek

4