**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARVIN GONG, Individually and On Behalf of All Others Similarly Situated,

                              Plaintiff,

                   v.

NEPTUNE WELLNESS SOLUTIONS INC., *et al.*,

                              Defendants.

No. 2:21-cv-01386-ENV (AKT)

### DEFENDANTS' RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATION FOR APPROVAL OF SETTLEMENT

The deadline for objections to Magistrate Judge Lindsay's well-reasoned Report and Recommendations ("R&R") in favor of approving the settlement of this matter (ECF #72) has passed. The only purported objections to the R&R are apparently from two of the shareholders who made untimely objections on the eve of the fairness hearing after previously filing claims to ***accept*** the settlement proceeds and ***participate*** in the settlement. (*See* ECF #76, #77) No objectors attended the fairness hearing before Judge Lindsay, who observed that the total putative objections reflected "only 3 of 3004 people who submitted proofs of claim." (R&R at 3.)

The putative objectors do not argue that the size of the settlement consideration is inadequate or unfair, nor do they claim any legal error in the R&R. Instead, the objectors baldly assert that Neptune's stock price is depressed due to purported "naked short exposure" and has fallen below Nasdaq listing requirements, and that the Court should therefore rewrite the parties' carefully negotiated settlement agreement and require Neptune to fund the remaining settlement payment in cash rather than stock. [*See* ECF #76.] The objectors, however, cite no evidence that

Neptune has a significant short interest, much less any appreciable "naked" short interest.[1] They failed to present any such evidence to Magistrate Judge Lindsay[2] and fail to explain why this alleged issue has any bearing on whether the settlement should be approved. Nor do the objectors assert that Neptune's low stock price, or even a hypothetical potential future delisting, would render Neptune unable to issue the stock consideration.[3] The objectors also cite no evidence that Neptune can fund a $2.5 million cash payment, or that Neptune can survive as a going concern if it is not permitted to fund the remainder of the settlement payment in stock, consummate the settlement, and remove the overhang created by this lawsuit. As previously stated, Neptune lacks the funds to make a cash payment and faces substantial risk that the company will not survive if settlement approval is delayed. (*See* ECF #70.) Thus, while the fairness of the settlement should be judged by its impact on class members rather than current investors, the objectors offer no

---

[1] As noted in Plaintiffs' Reply [ECF #77], the total short interest in Neptune stock reported by Nasdaq is worth approximately $25,000. See https://www.nasdaq.com/market-activity/stocks/nept/short-interest.

[2] Failing to raise timely arguments or to present evidence before a magistrate judge generally waives the ability to present such arguments or evidence when objecting to a report and recommendation. *See Libbey v. Vill. of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) (noting that courts generally will not consider "arguments, case law, and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance"); *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51-52 (E.D.N.Y. 2015 )("it is well-established in this district and circuit that a district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."); *Azkour v. Little Rest Twelve, Inc.*, 2012 U.S. Dist. LEXIS 42210, *7 (S.D.N.Y. March 27, 2012)("[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge."); *Feehan v. Feehan*, 2010 U.S. Dist. LEXIS 100422, *7 (S.D.N.Y. September 22, 2010)("it is inappropriate for the Court to consider new evidence upon review of a Magistrate's Report and Recommendation" when parties had opportunity to present such evidence earlier).

[3] As Neptune publicly disclosed, it has until September 5, 2023 to submit a plan to regain compliance with Nasdaq's minimum shareholder equity requirement and may obtain an extension of 180 calendar days from the date of the letter to evidence compliance if Nasdaq accepts the plan.

evidence that their own current investments will be more valuable (or will be more likely to retain any value in the future) if the settlement is not approved in its current form.

Defendants thus request that the Court overrule the objections, adopt the R&R, and enter the proposed judgment previously filed as ECF #65-2, with the blank spaces filled in as stated in the last paragraph of Plaintiffs' reply consistent with the R&R. (*See* ECF #77).

Dated August 3, 2023

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Peter A. Stokes*
Peter A. Stokes (*pro hac vice*)
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone:  (512) 536-5287
Facsimile:   (512) 536-4598
peter.stokes@nortonrosefulbright.com

*Attorneys for Defendants*

**NORTON ROSE FULBRIGHT US LLP**

Seth Kruglak
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 318-3350
Fax: (212) 318 3400
seth.kruglak@nortonrosefulbright.com