UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MARVIN GONG Individually and on Behalf of All :
Others Similarly Situated, :
:
                              Plaintiff, : **MEMORANDUM & ORDER**
:
               -against- : 2:21-cv-01386 (ENV) (ARL)
:
NEPTUNE WELLNESS SOLUTIONS INC., :
MICHAEL CAMMARATA, MARIO PARADIS, :
CLAUDIE LAUZON and TONI RINOW, :
:
                            Defendants. :
------------------------------------------------------------- x

VITALIANO, D.J.

      Plaintiff Marvin Gong,[1] individually and on behalf of all other persons similarly situated, commenced this federal securities class action on March 16, 2021, against defendants Neptune Wellness Solutions Inc. ("Neptune"), Michael Cammarata, Mario Paradis, Claudie Lauzon, and Toni Rinow, asserting claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5. *See* Compl., Dkt. 1.

Procedural History

      On October 20, 2022, the parties reported reaching a settlement in principle. The final settlement hearing was referred to Magistrate Judge Arlene R. Lindsay for a report and recommendation ("R&R") as to her findings. Judge Lindsay held a fairness hearing on July 18, 2023 to consider plaintiffs' unopposed motion for final approval of the settlement. A few days

---

[1] While this action was initiated by Gong, Kenneth Rickert was later selected to serve as lead plaintiff.

before the fairness hearing, several class members filed letters purportedly raising concerns about the settlement. *See* Dkts. 61, 67, 68, 74. Judge Lindsay discussed these letters during the fairness hearing. Tr. July 18, 2023 Hearing, Dkt. 75, at 6:24–29:15. However, no class members actually appeared at the hearing, either in person or by representative. R&R, Dkt. 72, at 2.

After the hearing, Judge Lindsay issued her R&R, finding that the settlement is "fair, reasonable and adequate in all respects." R&R at 2. Accordingly, she recommended that the proposed final settlement approval order submitted by the lead plaintiff, *see* Dkt. 62-2, be approved and entered by the Court. R&R at 2–3. Judge Lindsay further recommended that the Motion for Attorneys' Fees be granted, and recommended an award of attorneys' fees equaling one third of the Settlement Fund plus accrued interest; costs amounting to $55,012.88; and a compensatory award to lead plaintiff of $7,000. R&R at 3–4.

Investors Charulataa Helia Gajjar and Bijoy Gajjar timely filed an objection requesting a response to their concerns about Neptune's "naked short exposure" and the company's plan to comply with NASDAQ requirements. Letter, Dkt. 76 ("Obj."). Both lead plaintiff and defendants timely filed their opposition to the objection. Dkt. 77 ("Pl.'s Reply"), Dkt. 78 ("Defs.' Reply"). For the reasons that follow, the R&R is adopted in its entirety as the opinion of the Court.

## Background[2]

Neptune Wellness Solutions Inc., is an "integrated health and wellness company" which produced products under several brand names. Compl. ¶ 2. In 2019, Neptune acquired Sugarleaf Labs, LLC and Forest Remedies, LLC (collectively, "Sugarleaf"). Compl. ¶ 3.

---

[2] The facts underlying this dispute are drawn from the complaint and are recounted only briefly here for the purpose of providing context

Plaintiffs allege that Neptune made misleading statements and/or omissions to shareholders regarding the strain of the acquisition on Neptune's capital reserves. On February 15, 2021, Neptune announced disappointing revenues, which they attributed in part to the acquisition of Sugarleaf. Compl. ¶ 5, 44–45. This caused Neptune's stock price to fall. *Id.* On February 17, 2021, Neptune announced the termination of an at-the-market offering by Neptune, then immediately afterwards announced a large registered direct offering. Compl. ¶ 46. This caused Neptune's stock to decline even further. Compl. ¶ 47. Shortly afterwards, plaintiffs brought this action, alleging that Neptune had made misstatements and/or omissions to shareholders after its acquisition of Sugarleaf.

## Standard of Review

In reviewing an R&R of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). "But, as to 'those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record' in order to accept it." *Freedom Mortgage Corp. v. Powell*, No. 2:18-CV-4265, 2020 WL 4932145, at *1 (E.D.N.Y. Aug. 24, 2020) (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)).

## Discussion

The Gajjars' objection is in the nature of requesting a delay in resolution pending the

3

disclosure of information about Neptune's "naked short exposure,"[3] and Neptune's plans meet NASDAQ's listing requirements. Obj. at 1. The Gajjars claim, without providing details, that certain stakeholders are unfairly enriching themselves using a naked shorting strategy. *Id.* They also note that the company does not meet the minimum shareholders' equity requirement nor the minimum bid price requirement set by NASDAQ. *Id.*

These same concerns were raised in the letters the Gajjars filed prior to Judge Lindsay's fairness hearing. [4] *See* Dkt. 67, 68. As the objection merely reiterates arguments previously raised before Judge Lindsay, and do so without any elaboration as to any error by Judge Lindsay in rejecting their argument, it merits only clear error review. *See Williams v. Town of Hempstead*, No. 16-CV-1992, 2019 WL 1403114, at *3 (E.D.N.Y. Mar. 28, 2019) (quoting *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)). However, even if the Court applied *de novo* review, the result would be the same. These objections do not speak to the fairness, reasonableness, or adequateness of the settlement agreement. Nothing in the objection's threadbare allegations of improper short interest or potential NASDAQ delisting challenge Judge Lindsay's findings that the settlement agreement is procedurally and substantively fair. Therefore, the objection is overruled.

As to the rest of the R&R, there are no further objections. The Court, employing the

---

[3] Attached to the objection is an article of unknown provenance, which defines naked short selling as "the short selling of shares that do not exist." Obj. at 3.

[4] During the hearing, which the objectors did not attend, Judge Lindsay discussed the Gajjars' letters with lead plaintiff's counsel. The discussion primarily centered on the fact that the objectors are in a conflicted position from the rest of the class, because, although they opted in to the settlement, they purchased additional Neptune stock outside of the class period and during the pendency of the action. Tr. July 18, 2023 Hearing, at 6:24–11:20.

4

applicable clear error standard of review, finds Judge Lindsay's analysis to be well reasoned, correct, and free of any clear error. The R&R is therefore adopted in full. The Motion for Attorney's Fees is granted, and plaintiff's counsel is awarded attorneys' fees equaling one third (33 1/3%) of the Settlement Fund plus accrued interest, as well as costs amounting to $55,012.88. Lead plaintiff Kenneth Rickert is also to be awarded $7,000 from the Settlement Fund.

## Conclusion

For the foregoing reasons, Judge Lindsay's R&R is adopted in its entirety as the opinion of the Court.

As a result, the Court grants the motion for final approval of the proposed class settlement. The final approval order is enclosed herein.

So Ordered.

Dated: Brooklyn, New York
      August 31, 2023

/ENV
ERIC N. VITALIANO
United States District Judge