**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN GONG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL CAMMARATA, TONI RINOW and MARTIN LANDRY <br><br> Defendants. | **Case No. 2:21-cv-01386-ENV-ARL** <br><br> <u>**CLASS ACTION**</u> <br><br> Hon. Eric N. Vitaliano <br> Hon. Arlene R. Lindsay |

**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR**
<u>**AN ORDER APPROVING DISTRIBUTION OF CLASS SETTLEMENT FUND**</u>

Whereas, this Court preliminarily approved the terms of the Stipulation of Settlement (the "Stipulation") by Order dated March 20, 2023, adopting the Magistrate Court's March 16, 2023 Order (ECF No. 59) and approved the Plan of Allocation;

Whereas, this Court retained jurisdiction over this Action for the purpose of supervising the implementation of the Stipulation and distribution of the Net Settlement Fund;

Whereas, this Court has review the Unopposed Motion for an Order Approving Distribution of Class Settlement Fund by Plaintiff Kenneth Rickert ("Plaintiff"), the Declaration of Eric A. Nordskog In Support of Plaintiff's Motion to Distribute Net Settlement Fund ("Nordskog Declaration") submitted herewith, related documents, and good cause having been shown;

AND NOW, this _____ day of _____, 2024, upon consideration of Plaintiff's Unopposed Motion for an Order Approving Distribution of Class Settlement Fund, it is hereby ORDERED:

1.  That Plaintiff's Motion is GRANTED;

2.  The administrative determination of the Settlement Administrator to accept the claims listed in Exhibits D & E to the Nordskog Declaration and described in ¶¶39-41 of the Nordskog Declaration, including claims submitted after the filing deadline but before July 22, 2024, are approved and those claims are accepted;

3.  The administrative determination of the Settlement Administrator to reject the claims listed in Exhibit F to the Nordskog Declaration and described in ¶39 of the Nordskog Declaration are approved and those claims are rejected;

4.  No Proof of Claim received by the Settlement Administrator after July 22, 2024 may be accepted by processing;

5.  The Settlement Administrator is authorized to make the distribution described in Plaintiff's motion and the Nordskog Declaration;

6.  Any balance remaining in the Net Settlement Fund nine (9) months after the initial distribution (whether by reason of tax refunds, uncashed checks or otherwise), shall, if feasible, be reallocated among Authorized Claimants in an equitable and economic fashion, after paying any additional administration expenses necessary for a redistribution. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically reasonable, in Plaintiff's Counsel's discretion, to distribute to Authorized Claimants;

7.  At such time as Plaintiff's Counsel, in consultation with the Settlement Administrator, determines that further distribution of the funds remaining in the Net Settlement Fund to Authorized Claimants is not cost-effective, if funds remain after payment of any unpaid administration fees or expenses, taxes and tax preparation costs, and escrow fees, Plaintiffs' Counsel shall propose a plan to the Court regarding the use of such funds for contribution to nonsectarian, not-for-profit organization(s);

8.  The Settlement Administrator shall continue to receive, review and process any correspondence or information submitted by claimants with respect to already-filed Proofs of Claim. Should there be any adjustments to any Proofs of Claim prior to distribution of the Net Settlement Fund, the Settlement Administrator shall update its claims database with the new information and report the updated total to Plaintiff's Counsel prior to distribution;

9.  All persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the administration of claims filed in this Action, and all persons who were involved in the administration or taxation of the Net Settlement Fund, are released from liability for any and all claims arising out of such activities;

10. Payment for the outstanding balance of $134,734.42 to the Settlement Administrator is authorized; and

11. This Court shall retain jurisdiction over any further application or matter which may arise in connection with this Action.

IT IS SO ORDERED

Dated: _____

_____

HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE