UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARVIN GONG *Individually and on Behalf of All
Others Similarly Situated,*

                              Plaintiff,                    **REPORT AND
RECOMMENDATION**
21-1386 (ENV) (ARL)

              -against-

NEPTUNE WELLNESS SOLUTIONS INC., MICHAEL
CAMMARATA, MARIO PARADIS, CLAUDIE LAUZON
and TONI RINOW,

                              Defendants.
-----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court, on referral from District Judge Vitaliano, is the plaintiffs' Unopposed

Motion for an Order Approving Distribution of the Class Settlement Fund.  For the reasons set

forth below, the undersigned respectfully recommends that the plaintiffs' motion be granted.

## BACKGROUND

      On December 6, 2022, the parties filed a Joint Motion for Preliminary Approval of the

Settlement Agreement and Release, which was approved by the undersigned on March 16, 2023.

Consistent with that order, District Judge Vitaliano also entered an Order dated March 20, 2023,

granting preliminary approval of the proposed settlement of this putative securities class action,

certifying the proposed class for purposes of the settlement, and approving the form and manner

of notice of the proposed settlement to the class.  In that order, District Judge Vitaliano also

referred the final settlement hearing to the undersigned.

      On May 23, 2023, the plaintiffs filed an Unopposed Motion for Final Approval of the

Class Action Settlement.  ECF No. 62.  The plaintiffs also filed an Unopposed Motion for an

Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and for a Compensatory

Award for the Lead Plaintiff.  ECF No. 63.  On July 18, 2023, the Court held a fairness hearing to determine: (1) whether the terms and conditions of the settlement that provided for a $4.25 million cash-and-stock-based settlement and release of the parties' claims were fair, reasonable, and adequate for the settlement of all claims asserted by the class in this action; (2) whether judgment should be entered dismissing the case with prejudice; (3) whether the proposed Plan of Allocation should be approved as a fair and reasonable method to allocate the Net Settlement Fund among class members; (4) whether and in what amount to award attorneys' fees to the lead counsel; (5) whether and in what amount to award the lead counsel reimbursement of litigation expenses; and (6) whether and in what amount to award compensation to the lead plaintiff. Following the hearing, the undersigned issued a Report recommending that final approval of the class action settlement be granted.  On September 7, 2023, District Judge Vitaliano adopted the Report and Recommendation and issued a Final Approval Order.  ECF Nos. 79, 80.

The Court has now been advised that the court-appointed Settlement Administrator has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants.  Accordingly, all that remains in order to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants.

## DISCUSSION

Having considered the materials submitted in support of the Plaintiffs' motion, the undersigned respectfully recommends that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants and the payment of the Settlement Administrator's outstanding invoice.  Specifically, pursuant to the March 16, 2023 Preliminary Approval Order, all claims were to be submitted to A.B. Data, Ltd. ("A.B. Data"), the Settlement Administrator,

on or before May 21, 2023.  Nordskog Decl. ¶ 2.  A.B. Data disseminated a total of 64,000

Postcard Notices to potential Class Members, brokers, and other nominees.  *Id.* ¶ 4.

Additionally, pursuant to the Preliminary Approval Order, on April 11, 2023, A.B. Data caused

the Summary Notice to be transmitted over PR Newswire.  *Id.* ¶ 6.  A.B. Data processed 3,374

Claim Forms received through July 22, 2024, in accordance with the terms of the Stipulation and

the Court-approved Plan of Allocation set forth in the Notice.  *Id.* ¶ 3.  A.B. Data identified 1,418

claims that it recommends be rejected.  *Id.* ¶¶ 39-41.  Of those claims, 505 claims had no

purchase of Neptune securities during the Class Period, 805 claims did not result in a Recognized

Claim under the Court-approved Plan of Allocation; 90 claims were duplicates and 18 claims

were based on Neptune securities traded on a non-U.S. trading venue.  *Id*. ¶ 39.

A.B. Data also identified 1,290 properly-documented, valid claims.  *Id.* ¶¶ 39-40.  Those

valid claims represent total Recognized Losses of $27,160,901.40.  *Id*. A.B. Data further

identified 666 otherwise-valid claims which were received or postmarked after the Court-

approved Claim submission date of May 21, 2023 but received on or before July 22, 2024.  *Id*.

¶41.  The plaintiffs have requested that the Court accept all late-but otherwise-valid claims

because the untimely-filed claims have not prejudiced any Authorized Claimant nor caused

significant delay to the distribution of the Net Settlement Fund to the Class.   The total

Recognized Loss for the 666 late-but-otherwise valid claims—$1,552,549.05—is approximately

5% of the total Recognized Loss of all claims recommended for payment.  *Id*.  The undersigned

finds A.B. Data's recommendation to be reasonable and respectfully recommends that the Court

approve the 1,956 properly documented claims listed in Exhibits D & E of the Nordskog

Declaration, including claims submitted after the filing deadline but before July 22, 2024, and

that  it reject the claims listed in Exhibit F to the Nordskog Declaration.

The undersigned further recommends that the Court adopt the distribution plan set forth in the plaintiffs' submission. *See id.* ¶43. That plan includes an approach for handling any balance remaining in the Net Settlement Fund nine months after the initial distribution.

Moreover, the Preliminary Approval Order authorized the Escrow Agent to distribute funds to the Settlement Administrator for its reasonable and customary fees and costs for notice and administration of the Settlement up to $250,000 after the Court entered the Preliminary Approval Order. *See* ECF No. 57-2. According to counsel, A.B. Data's fees and cost amounted to $215,287.64. To date, it has received payment of fees in the amount of $111,841.79, leaving an outstanding balance of $134,734.42. Pls.' Mem. at 7-8. Accordingly, the undersigned also recommends that the Escrow Agent be permitted to distribute the balance of the fees owed to A. B. Data.

Finally, the plaintiffs also seek an order providing that all persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the administration of claims filed in this Action, and all persons who were involved in the administration or taxation of the Net Settlement Fund, be released from any liability from any and all claims arising out of such activities. The undersigned finds that request to be reasonable and recommends that the proposed release be added to the final order.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.,* No. 17-3446, 2018 U.S. App. LEXIS

28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).


Dated:  Central Islip, New York
        October 11, 2023

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge